In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-08-00159-CR


______________________________




NINA FLORINA MAGNESON, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the 124th Judicial District Court


Gregg County, Texas


Trial Court No. 35865-B




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Moseley



MEMORANDUM OPINION



 Nina Florina Magneson has appealed from her conviction on her open plea of guilty to the
offense of robbery, a second-degree felony. See Tex. Penal Code Ann. § 29.02 (Vernon 2003). 
The trial court sentenced Magneson to eight years' imprisonment. See Tex. Penal Code Ann.
§ 12.33 (Vernon 2003). 

 On appeal to this Court, Magneson contends, in a single point of error, that the punishment
assessed is disproportionate to her crime. Magneson's motion for new trial contains a contention that
the sentence was disproportionate to the offense. A motion for new trial is an appropriate way to
preserve this type of claim for review. (1) See Williamson v. State, 175 S.W.3d 522, 523-24 (Tex.
App.--Texarkana 2005, no pet.); Delacruz v. State, 167 S.W.3d 904 (Tex. App.--Texarkana 2005,
no pet.).

 Texas courts have traditionally held that as long as the punishment assessed is within the
range prescribed by the Legislature in a valid statute, the punishment is not excessive, cruel, or
unusual. See, e.g., Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973). Here, Magneson's
sentence falls within the applicable range of two to twenty years' imprisonment and a fine of up to
$10,000.00. See Tex. Penal Code Ann. § 12.33.

 That does not end the inquiry. A prohibition against grossly disproportionate punishment
survives under the Eighth Amendment to the United States Constitution apart from any consideration
of whether the punishment assessed is within the range established by the Legislature. U.S. Const.
amend. VIII; see Solem v. Helm, 463 U.S. 277, 290 (1983); Harmelin v. Michigan, 501 U.S. 957
(1991) (Scalia, J., plurality op.); Jackson v. State, 989 S.W.2d 842, 846 (Tex. App.--Texarkana
1999, no pet.); Lackey v. State, 881 S.W.2d 418, 420-21 (Tex. App.--Dallas 1994, pet. ref'd); see
also Ex parte Chavez, 213 S.W.3d 320, 323 (Tex. Crim. App. 2006) (describing this principle as
involving a "very limited, 'exceedingly rare,' and somewhat amorphous" review).

 Solem had suggested, as a three-part test, that an appellate court consider: (1) the gravity of
the offense compared with the harshness of the penalty; (2) the sentences imposed for similar crimes
in the same jurisdiction; and (3) the sentences imposed for commission of the same crime in other
jurisdictions. See Solem, 463 U.S. at 292. Harmelin at least raised questions about the viability of
the Solem three-part test. In fact, it was subsequently held that proportionality survived Harmelin,
but that the Solem three-part test did not. See McGruder v. Puckett, 954 F.2d 313, 316 (5th Cir.
1992); Lackey, 881 S.W.2d at 420-21. In light of Harmelin, the test has been reformulated as an
initial threshold comparison of the gravity of the offense with the severity of the sentence; and then,
only if that initial comparison created an inference that the sentence was grossly disproportionate to
the offense should there be a consideration of the other two Solem factors--sentences for similar
crimes in the same jurisdiction and sentences for the same crime in other jurisdictions. McGruder,
954 F.2d at 316; Mullins v. State, 208 S.W.3d 469, 470 (Tex. App.--Texarkana 2006, no pet.);
Lackey, 881 S.W.2d at 420-21. 

 We do not believe the sentence was grossly disproportionate to the gravity of the offense, but
even if it was, there is no evidence in the record from which we could compare Magneson's sentence
to the sentences imposed on other persons in Texas or on persons in other jurisdictions who
committed a similar offense. See Latham v. State, 20 S.W.3d 63, 69 (Tex. App.--Texarkana 2000,
pet. ref'd); Davis v. State, 905 S.W.2d 655, 664-65 (Tex. App.--Texarkana 1995, pet. ref'd). 
Without such evidence, the record before us does not support Magneson's claim of demonstrable
error. Cf. Jackson, 989 S.W.2d at 846 ("there is no evidence in the record reflecting sentences
imposed for similar offenses on criminals in Texas or other jurisdictions by which to make a
comparison").

 There being no other issues before us, we affirm the trial court's judgment.



 Bailey C. Moseley

 Justice


Date Submitted: January 28, 2009

Date Decided: January 29, 2009


Do Not Publish
1. The trial court did not conduct a hearing on Magneson's motion for new trial, which was
overruled by operation of law. See Tex. R. App. P. 21.8.



ame="Quote"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




 

 

 

 

 

 

 

 

 

                                                         In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00021-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

EDDIE
KEVIN COLEMAN

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

Memorandum
Opinion Per Curiam

 

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Eddie Kevin Coleman has filed a petition
for writ of mandamus in which he asks this Court to order the 8th Judicial
District Court of Hopkins County, Texas, to rule on his motion to dismiss for
want of prosecution in trial court cause number CV34788.  Coleman filed his motion to dismiss on
December 2, 2008,[1] claiming the
State brought a lawsuit for the seizure of $2,240.00 in United States currency
on September 7, 2002, and has failed to prosecute that action.  Coleman claims that his motion to dismiss was
not ruled upon within a reasonable time.

            We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig.
proceeding) (citing Winters v. Presiding
Judge of Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim.
App. 2003)).  When a motion is properly
filed and pending before a trial court, considering and ruling on that motion
is a ministerial act and mandamus may issue to compel the trial court to act.  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.Texarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.San Antonio 1997, orig. proceeding).

            A trial court must consider and rule
on a motion brought to the courts attention within a reasonable amount of
time.  In re Bonds, 57 S.W.3d 456, 457 (Tex. App.San Antonio 2001, orig.
proceeding).  While we have jurisdiction
to direct the trial court to proceed and rule, we may not tell the court what
ruling it should make.  ODonniley v. Golden, 860 S.W.2d 267,
26970 (Tex. App.Tyler 1993, orig. proceeding).  

            Colemans motion has been pending
and ripe for a ruling for almost sixteen months.[2]  Coleman is entitled to have a ruling on his
motion.  We, therefore, conditionally
grant Colemans petition for writ of mandamus. 
The writ will issue only if the trial court fails to rule on Colemans
motion within twenty-one days from the date of this opinion.

 

 

            

                                                                                    BY
THE COURT

 

Date
Submitted:          March 30, 2010

Date
Decided:             March 31, 2010

 

 

 











[1]A
copy of the motion to dismiss for want of prosecution filed in trial court
cause number CV34788 is attached as Appendix 1 to the petition for writ of
mandamus.  While this copy does not bear
the clerks file mark, the Clerk of the Hopkins County District Court for the
8th Judicial District has confirmed said motion was filed on December 2, 2008.





[2]Appendix
2 to Colemans petition is a notice of intent which advises the trial court of
the pending motion to dismiss for want of prosecution and intent to file a
petition for writ of mandamus to compel the trial court to act on said
motion.  The Clerk of the Hopkins County District
Court for the 8th Judicial District has confirmed said notice of intent was
filed on December 15, 2009.