

## NUMBER 13-09-00674-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

### IN RE: DALLAS NATIONAL INSURANCE COMPANY

### On Petition for Writ of Mandamus.

### MEMORANDUM OPINION ON REHEARING

**Before Chief Justice Valdez and Justices Yañez and Vela**
**Memorandum Opinion on Rehearing by Chief Justice Valdez**

On April 6, 2010, relator, Dallas National Insurance Company ("Dallas National") filed a motion for rehearing on its petition for writ of mandamus. *See* TEX. R. APP. P. 49.1. On April 13, 2010, we requested responses from real parties in interest, Vega Roofing, Inc. ("Vega") and Jose E. Garcia, which were due on April 23, 2010. *See id.* at R. 49.2. To date, real parties in interest have not filed responses to Dallas National's motion for rehearing. After considering Dallas National's motion for rehearing, we grant the motion, vacate and withdraw our opinion dated March 17, 2010, and issue this opinion on rehearing in its place.

In this matter, Dallas National filed a petition for writ of mandamus and a motion for temporary relief in which it requested this Court to order the respondent, the Honorable Noe Gonzalez, presiding judge of the 370th District Court of Hidalgo County, to rule on Dallas National's plea to the jurisdiction and motion to dismiss filed on January 3, 2007, in trial court cause number C-886-06-G, styled *Vega Roofing, Inc. v. Dallas National Insurance Company, formerly Dallas Fire Insurance Company, and First Mercury Insurance Company*.  Dallas National asserts that the trial court conducted a hearing on the plea and the motion on March 6, 2007, and that it is entitled to mandamus relief because the respondent has failed to rule on the plea and the motion.  Because we conclude the trial court has abused its discretion in failing to rule on Dallas National's plea and motion, we conditionally grant its petition for writ of mandamus.

## I. BACKGROUND

This dispute centers on the existence of insurance coverage for Jose Amparo Alfaro, an employee of Vega who was severely and permanently injured on or about February 23, 2005, during the construction of a residence for Jose E. Garcia.  The record reflects that Vega purchased a workers' compensation and employer's liability policy from Dallas National, which was effective from June 20, 2004 to June 20, 2005, and had a $1 million policy limit.  Vega was also covered from January 1, 2005 to January 3, 2006, by a commercial general liability policy ("CGL") issued by First Mercury Insurance Company.  The CGL policy also had a $1 million personal injury policy limit.  Vega alleged that, during the policy period of the Dallas National policy, Alfaro was injured at the Garcia job site, and, therefore, Alfaro's injury was covered by the Dallas National policy.  Vega subsequently filed a claim with Dallas National, but this claim was denied.  Vega alleged that the Alfaro claim was refused because Dallas National denied the existence of a valid and enforceable

2

policy covering Alfaro.

On April 11, 2006, Vega sued Dallas National for breach of contract and for declaratory relief, seeking a judgment that insurance coverage existed for Alfaro under the workers' compensation and employer's liability policy issued by Dallas National. Dallas National filed its original answer and a motion to transfer venue on May 12, 2006. On November 1, 2006, Garcia intervened in the suit, adding J.P. Monday, individually and d/b/a Monday Builders and all other unknown Monday entities as defendants (the "Monday defendants"), and alleging various causes of action pertaining to the construction of the residence. Additionally, Garcia asserted that he is a third-party beneficiary on the underlying workers' compensation and employer's liability policy and, thus, sued Dallas National for breach of contract. Alfaro and his wife, Eloisa Verdin Alfaro, also intervened in the suit, alleging that the cause of his injuries was attributable to Vega, the Monday defendants, and possibly Garcia.[1]

Dallas National filed a plea to the jurisdiction and a motion to dismiss subject to its motion to transfer venue on January 3, 2007. In its plea and motion, Dallas National argued that the trial court lacked subject-matter jurisdiction over the entire case because the Texas Workers' Compensation Commission has exclusive jurisdiction to determine whether, on the date of his injury, Alfaro was covered under the Dallas National policy. The trial court conducted a hearing on Dallas National's plea and motion on March 6, 2007. At the conclusion of the hearing, the trial court took the matter under advisement.

On July 12, 2007, Dallas National sent a follow-up letter and a proposed order granting the plea and motion to the trial court, requesting that the trial court sign the order.

---

[1] In addition to the underlying suit in this case, the Alfaros filed a separate non-subscriber lawsuit against Vega and the Monday defendants in a separate cause and court.

3

On December 17, 2007, Dallas National sent a second letter and proposed order to the trial court, again requesting that the trial court sign the order. Finally, on October 7, 2009, Dallas National sent a third letter and proposed order to the trial court to be signed. Because the trial court has not responded to its requests for a ruling, Dallas National filed a petition for writ of mandamus in this Court on December 16, 2009.

Pursuant to this Court's request, real parties-in-interest Vega and Garcia each filed a response to Dallas National's petition. In its response, Vega argues that the trial court has jurisdiction over the underlying dispute because the issue is a breach-of-contract issue, not an issue involving entitlement to workers' compensation benefits. Vega further argues that the trial court had no "ministerial duty" to rule favorably on Dallas National's plea and motion and that the trial court's assertion of jurisdiction does not "create a clear disruption of the orderly processes of government under the facts presented in this case." (internal quotations omitted.)

On the other hand, Garcia argues that: (1) because Vega and Garcia's claims against Dallas National are predicated on the absence of coverage, the claims are outside the jurisdiction of the Texas Workers' Compensation Division; (2) Dallas National cannot complain about the trial court's failure to rule because it waited nearly two years between requests for rulings from the trial court; and (3) Dallas National waived any right to complain of the trial court's failure to rule by not objecting. Garcia also asserts that the Alfaros filed a separate non-subscriber lawsuit against Vega and the Monday defendants "in a separate cause and court," and that "Dallas National's claims of court delay are disingenuous because the parties had discussed and allowed the underlying Alfaro liability case to proceed with minimum interference." Dallas National filed a reply responding to most of the arguments made by Vega and Garcia; however, Dallas National did not

4

address the status, nor the existence, of the related Alfaro non-subscriber lawsuit.

On original submission, the majority concluded that Dallas National did not prove its entitlement to mandamus relief because it did not address the status of the related Alfaro non-subscriber lawsuit and because it appeared that the cases were being coordinated by various trial courts. *In re Dallas Nat'l Ins. Co.*, No. 13-09-00674-CV, 2010 Tex. App. LEXIS 1990, at **15-16 (Tex App.–Corpus Christi Mar. 17, 2010, orig. proceeding) (mem. op.) (Yañez J., dissenting).[2]  However, in its motion for rehearing, Dallas National provided documentation showing that the related Alfaro non-subscriber suit had settled on February 26, 2009, and that Vega and Garcia had been non-suited on November 24, 2008.

## II. STANDARD OF REVIEW AND APPLICABLE LAW

"Mandamus relief is an extraordinary remedy that issues only if the court clearly abused its discretion and the relator has no adequate remedy by appeal." *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 623 (Tex. 2007) (citing *In re Entergy Corp.*, 142 S.W.3d 316, 320 (Tex. 2004)).  "To show entitlement to mandamus relief, a relator must (1) show that it has no adequate remedy at law to redress the alleged harm and (2) the act sought to be compelled is ministerial and does not involve a discretionary or judicial decision." *In re Bramlett*, No. 07-09-0113-CV, 2009 Tex. App. LEXIS 5228, at *2 (Tex. App.–Amarillo July 8, 2009, orig. proceeding) (mem. op.) (citing *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007); *State ex rel. Rosenthal v. Poe*, 98 S.W.3d 194, 198 (Tex. Crim. App. 2003)).  Furthermore, a relator must also

---

[2] In her dissenting opinion on original submission, Justice Yañez concluded that, based on the record at the time, the trial court abused its discretion by failing to rule within a reasonable time. *In re Dallas Nat'l Ins. Co.*, No. 13-09-00674-CV, 2010 Tex. App. LEXIS 1990, at **15-16 (Tex. App.–Corpus Christi Mar. 17, 2010, orig. proceeding) (mem. op.) (Yañez J., dissenting).

demonstrate entitlement to mandamus relief by showing that "the district court (1) had a legal duty to perform a non-discretionary act, (2) was asked to perform the act, and (3) failed or refused to do so." *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.–Amarillo 2003, orig. proceeding) (citing *O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.–Amarillo 2001, orig. proceeding)); *see In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.–Texarkana 2008, orig. proceeding). Thus, "the party requesting mandamus relief has the burden to provide us with a record sufficient to establish his right to same." *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.–Amarillo 2001, orig. proceeding) (citing *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992)); *see In re Blakeney*, 254 S.W.3d at 661.

Consideration of a motion that is properly filed and before the trial court is a ministerial act, and mandamus may issue to compel the trial court to act. *See Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992); *In re Blakeney*, 254 S.W.3d at 661; *see also In re Bramlett*, 2009 Tex. App. LEXIS 5228, at *3. However, the trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661; *Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.–San Antonio 1997, orig. proceeding); *see also In re Bramlett*, 2009 Tex. App. LEXIS 5228, at *3. A trial court's refusal to rule on a pending motion within a reasonable amount of time constitutes a clear abuse of discretion. *See In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.–El Paso 2006, orig. proceeding) (citing *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.–Texarkana 2005, orig. proceeding)).

Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *In re Blakeney*, 254 S.W.3d at 662. "Determining what time period is reasonable is not subject to exact formulation. . . . Moreover, no bright line

6

separates a reasonable time period from an unreasonable one." *Id.* (citing *In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.–Waco 2003, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228). In analyzing whether a reasonable period has lapsed, Texas courts have noted the following:

> "[A reasonable time to rule] is dependent upon a myriad of criteria, not the least of which is the trial court's actual knowledge of the motion, its overt refusal to act on same, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *Ex parte Bates*, 65 S.W.3d 133[, 135] (Tex. App.–Amarillo 2001, orig. proceeding). So too must the trial court's inherent power to control its own docket be factored into the mix. *See Ho v. Univ. of Tex. at Arlington*, 984 S.W.3d 672, 694-95 (Tex. App.–Amarillo 1998, pet. denied) (holding that a court has the inherent authority to control its own docket)."

*In re Blakeney*, 254 S.W.3d at 663 (quoting *In re Chavez*, 62 S.W.3d at 228-29). Furthermore, since the trial court's power to control its own docket is discretionary, a reviewing appellate court may not arbitrarily interfere with it. *See Ex parte Bates*, 65 S.W.3d at 135.

### III. DISCUSSION

The parties do not dispute that Dallas National's plea and motion were properly filed and that the trial court's ruling on Dallas National's plea and motion constitutes a ministerial duty. In its response, Vega argued that the trial court did not have a ministerial duty to rule favorably on Dallas National's plea and motion. However, this argument is not persuasive because we must not reach the merits of Dallas National's plea and motion or direct the trial court as to how to rule on the plea and motion. *See In re Blakeney*, 254 S.W.3d at 661; *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.–Tyler 1993, orig. proceeding) ("While it is a basic premise that an appellate court lacks the power to compel a trial judge to do a particular act involving or requiring discretion on his part, this Court is empowered to order a trial judge to exercise his discretion in some manner."); *see also In re Minnfee*,

7

No. 07-09-0005-CV, 2009 Tex. App. LEXIS 332, at *2 (Tex. App.–Amarillo Jan. 16, 2009, orig. proceeding) (mem. op.) ("[W]e cannot tell a trial judge how to rule on motions pending before them before the trial judge himself rules on them."). We therefore conclude that the trial court has a ministerial duty to rule on Dallas National's plea and motion. *See Marshall*, 829 S.W.2d at 158; *In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228 ("[A]dmittedly, the need to consider and rule upon a motion is not a discretionary act."); *see also In re Bramlett*, 2009 Tex. App. LEXIS 5228, at *3. However, the crux of Dallas National's complaint in its petition is whether a reasonable time has lapsed for the trial court to rule on its plea and motion.

In support of its contention that a reasonable time has lapsed for the trial court to rule on its plea and motion, Dallas National directs us to the three letters that it sent to the trial court, requesting that the trial court rule on the pending plea and motion. As noted earlier, the letters are dated July 12, 2007, December 17, 2007, and October 7, 2009, and each contains a proposed order granting Dallas National's plea and motion and a request for the trial court to sign the proposed order. Thus, the evidence demonstrates that Dallas National has requested a ruling from the trial court, and the trial court has refused to issue a ruling.[3] *See In re Blakeney*, 254 S.W.3d at 661; *see also In re Villarreal*, 96 S.W.3d at 710; *In re Chavez*, 62 S.W.3d at 228.

---

[3] In his response to Dallas National's petition for writ of mandamus, Garcia argues that Dallas National waived any complaint by not objecting to the trial court's refusal to rule. *See Goodchild v. Bombardier-Rotax GMBH*, 979 S.W.2d 1, 7 (Tex. App.–Houston [14th Dist.] 1998, pet. denied) (op. on reh'g). In *Goodchild*, appellants argued that the trial court erred in failing to rule on their motion to compel discovery from co-defendants. *Id.* at 6. The trial court, citing what is now Texas Rule of Appellate Procedure 33.1, held that because appellants had not obtained a ruling on their motion to compel discovery and had not objected to the trial court's failure to rule, they had failed to preserve error. *Id.* at 7 (citing TEX. R. APP. P. 33.1). However, we do not find this case to be persuasive in this case because Dallas National was required to show and did show that the trial court: (1) had a legal duty to perform a nondiscretionary act; (2) was asked to perform the act; and (3) failed or refused to do so. *See In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.–San Antonio 1997, orig. proceeding); *see also In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.–Texarkana 2008, orig. proceeding).

In its motion for rehearing, Dallas National addresses the factors articulated in *In re Blakeney* and *In re Chavez* and also provides documentation stating that the related Alfaro non-subscriber lawsuit has settled and that Vega and Garcia have been non-suited, with both events occurring more than a year ago. *See In re Blakeney*, 254 S.W.3d at 663; *see also In re Chavez*, 62 S.W.3d at 228-29. The record reflects that more than three years has elapsed since the trial court conducted a hearing on Dallas National's plea and motion. Moreover, during this three-year period, Dallas National made several requests for a ruling, yet the trial court still has not issued a ruling on Dallas National's plea and motion.

Under these circumstances, we find that the trial court has abused its discretion in refusing to rule on Dallas National's plea and motion within a reasonable time. *See In re Blakeney*, 254 S.W.3d at 662-63; *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.–San Antonio 1998, orig. proceeding) (holding that a trial court's failure to rule on a motion for default judgment for over eighteen months was an abuse of discretion); *Kissam v. Williamson*, 545 S.W.2d 265, 267 (Tex. App.–Tyler 1976, orig. proceeding) (holding that a trial court's delay of more than thirteen months in ruling on an election of incorporation was unreasonable and constituted an abuse of discretion); *see also In re Reeves County*, No. 08-09-227-CV, 2009 Tex. App. LEXIS 6702, at *6 (Tex. App.–El Paso Aug. 26, 2009, orig. proceeding) (holding that a trial court's failure to rule on a motion to compel arbitration for nineteen months was an abuse of discretion); *In re Mitchell*, No. 10-07-250-CV, 2008 Tex. App. LEXIS 507, at *4 (Tex. App.–Waco Jan. 23, 2008, orig. proceeding) (holding that a trial court's failure to rule on a motion for default judgment for fifteen months was an abuse of discretion). Thus, we conclude that Dallas National has proved its entitlement to mandamus relief. *See In re Blakeney*, 254 S.W.3d at 662-63; *In re Villarreal*, 96 S.W.3d at 710; *Ex parte Bates*, 65 S.W.3d at 135; *In re Ramirez*, 994 S.W.2d at 684; *see also In*

*re Bramlett*, 2009 Tex. App. LEXIS 5228, at *2.

Though we have concluded that Dallas National is entitled to mandamus relief to compel the trial court to rule on its plea and motion, we do not and cannot, under any circumstances, direct the trial court to rule a certain way on the plea and the motion. *See In re Blakeney*, 254 S.W.3d at 661; *In re Ramirez*, 994 S.W.2d at 684; *O'Donniley*, 860 S.W.2d at 269; *see also In re Minnfee*, 2009 Tex. App. LEXIS 332, at *2. Thus, we express no opinion on the merits of Dallas National's plea and motion. Because the trial court abused its discretion by failing to rule on Dallas National's plea and motion within a reasonable time, we conditionally grant Dallas National's petition for writ of mandamus. The writ will issue only if the trial court fails to rule on Dallas National's plea and motion.

Additionally, we deny Dallas National's motion for temporary relief as moot.

_____
ROGELIO VALDEZ,
Chief Justice

Delivered and filed the
17th day of June, 2010.