In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-10-00101-CR

                                                ______________________________

 

 

 

                                                   IN
RE:  GEORGE A. ELLIOTT

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                     MEMORANDUM 
OPINION

 

            Seeking to gain access to records
from his 1993 conviction, George A. Elliott has petitioned this Court for
mandamus relief against both the District Clerk of Titus County and the 76th Judicial
District Court in Titus County.  Elliott
asks that we order (1) the Titus County District Clerk to file a motion he
claims to have sent the clerk, and (2) the trial court to rule or take action
on his motion.  We deny Elliott’s
petition.

(1)        We Have No Mandamus Jurisdiction Over
the District Clerk

            Elliott’s first ground asks us to
issue a writ of mandamus directing the Titus County District Clerk to file his
motion and present it to the trial court. 
This Court does not have mandamus jurisdiction over district clerks.  In re
Rodriguez, No. 06-08-00122-CV, 2008 Tex. App. LEXIS 7972 (Tex.
App.—Texarkana Oct. 22, 2008, orig. proceeding) (mem. op.); In re Coronado, 980 S.W.2d 691, 692–93
(Tex. App.—San Antonio 1998, orig. proceeding) (per curiam) (for district clerk
to fall within jurisdictional reach of court of appeals, must establish that
mandamus is necessary to enforce court of appeals’ jurisdiction).  Because Elliott’s first ground does not
present a ground on which relief may be granted, we deny his request.

(2)  Elliott Has Not Established His Right to
Mandamus Relief Against the Trial Court

            In his second ground, Elliott asks
us to order the 76th Judicial District Court in Titus County to rule on his
motion requesting a loan of his trial records. 
To be entitled to mandamus relief, a relator must show that he or she
has no adequate remedy at law to redress the alleged harm and that he or she
seeks to compel a ministerial act, not involving a discretionary or judicial
decision.  State ex rel. Young v. Sixth Judicial Dist. Court of Appeals at Texarkana,
236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).  Considering a motion that is properly filed
and before the court is a ministerial act. 
State ex rel. Curry v. Gray,
726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding).  A relator must establish that the trial court
(1) had a legal duty to rule on the motion, (2) was asked to rule on the
motion, and (3) failed to do so.  In re Keeter, 134 S.W.3d 250, 252 (Tex.
App.—Waco 2003, orig. proceeding).  A
relator must show that the trial court received, was aware of, and asked to
rule on the motion.  In re Villarreal, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003,
orig. proceeding).  Filing something with
the district clerk’s office does not make the trial court aware of it; the
clerk’s knowledge is not imputed to the trial court.  Id.
at n.2.

            Elliott has presented nothing to
this Court establishing that he filed or presented the trial court with the
motion at issue, that he requested a ruling on the matter, or that the trial
court has failed to act in a reasonable time. 
We realize that, in Elliott’s first ground for relief, he claims the
district clerk has not filed the motion. 
However, he has presented us nothing beyond that bare allegation.

            Even with proof of initial filing,
however, such proof would not establish that the motion was brought to the
trial court’s attention or presented with a request for a ruling.  In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.––Texarkana 2008, orig. proceeding).  Nonetheless, it is still Elliott’s obligation
to show that he asked the court to rule on the matter. 

            It is relator’s responsibility to
file the record with a petition for writ of mandamus.  See
Tex. R. App. P. 52.7(a)(1) (requiring
relator to file with petition certified or sworn copy of every document that is
material to relator’s claim for relief and that was filed in any underlying
proceeding); see also Barnes v. State, 832 S.W.2d 424, 426
(Tex. App.––Houston [1st Dist.] 1992, orig. proceeding) (per curiam) (to
establish that trial court refused to rule on pending motion, relator must
provide record showing that, after he filed his motion, relator asked trial
court for hearing and ruling on his motion and trial court refused to hold
hearing and to rule). 

            Even if Elliott had done all of the
above, he has presented nothing in his petition suggesting the trial court has
failed, for an unreasonable amount of time, to rule on his motion.  The trial court has a reasonable time within
which to perform its ministerial duty.  See Blakeney,
254 S.W.3d at 661; Safety-Kleen Corp. v.
Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig.
proceeding).  A trial court’s refusal to
rule on a pending motion within a reasonable amount of time constitutes a clear
abuse of discretion.  See In
re Shredder Co., 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig.
proceeding) (citing In re Greenwell,
160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding)).  Whether a reasonable time has lapsed depends
on the circumstances of each case.  Blakeney, 254 S.W.3d at 662.  “Determining what time period is reasonable is
not subject to exact formulation. . . .  Moreover,
no bright line separates a reasonable time period from an unreasonable one.”  Id.
(citing Keeter, 134 S.W.3d at 253).  Periods of eighteen months and thirteen
months have been held to be too long for a trial court not to rule.  In re
Ramirez, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig.
proceeding); Kissam v. Williamson,
545 S.W.2d 265 (Tex. Civ. App.—Tyler 1976, orig. proceeding) (per curiam).

            In this case, Elliott claims sixty
days have passed without a trial court ruling. 
As we said earlier, nothing on the copy of the motion Elliott attached
to his petition suggests when the motion was mailed, filed, or presented to the
trial court for a ruling.  Even assuming,
in light of the dearth of supporting documents described above, such a period
has passed, Elliott presents nothing to argue such a period is unreasonable.  In Blakeney,
we were also presented with a lack of appropriate record.  Nonetheless, we found that, even if Blakeney’s
timetable was correct, just under two months had passed since the initial
filing of the motion in question.  We
found no showing that a reasonable time to rule had passed.  Blakeney,
254 S.W.3d at 662.  Furthermore, since
the trial court’s power to control its own docket is discretionary, a reviewing
appellate court may not arbitrarily interfere with it.  See
Ex parte Bates, 65 S.W.3d 133, 135
(Tex. App.—Amarillo 2001, orig. proceeding); Ho v. Univ. of Tex. at Arlington, 984 S.W.2d 672, 693–94 (Tex.
App.—Amarillo 1998, pet. denied) (court has inherent authority to control its
own docket).

            Because
Elliott has not shown himself entitled to mandamus relief, we deny his
petition.

 

 

                                                                        Josh
R. Morriss, III

                                                                        Chief
Justice

 

Date Submitted:          July
6, 2010

Date Decided:             July
7, 2010

 

Do Not Publish