**Opinion issued February 6, 2020**



In The

# Court of Appeals

For The

# First District of Texas

_____

### NO. 01-19-00850-CV

_____

### IN RE SMS FINANCIAL XV, L.L.C., Relator

---

### Original Proceeding on Petition for Writ of Mandamus

---

### MEMORANDUM OPINION

Relator, SMS Financial XV, L.L.C., filed a petition for writ of mandamus,

seeking to compel the respondent trial court judge to rule on relator's pending

"Motion to Revive Judgment."[1, 2]

---

[1]    The underlying case is *SMS Financial XV, L.L.C., Successor-in-Interest to Texas Commerce Medical Bank v. Alton Adams*, Cause No. 1986-03488, pending in the 165th District Court of Harris County, Texas, the Honorable Ursula Hall presiding.

[2]    The Court requested a response to the petition but real party in interest did not file one. *See* TEX. R. APP. P. 52.4.

We conditionally grant the petition.

## Background

The underlying proceeding is a debt-collection case. A default judgment for $44,869.70 in actual damages, $231.00 in per diem costs, $4,150.00 in attorney fees, and post-judgment interest at the rate of ten percent per annum was entered against real party in interest, Alton Adams, on February 9, 1987. On May 25, 2007, the judgment and judgment lien were assigned to relator.

An order reviving the judgment was signed on July 25, 2008 by the Honorable Elizabeth Ray, then judge of the 165th District Court of Harris County, Texas. The order said the judgment was revived "pursuant to Section 31.006 of the Tex. Civ. Prac. & Rem. Code, for 10 years from the date of the signing of th[e] Order . . . ."

On July 18, 2018, relator requested a writ of execution, which was issued on July 27, 2018. On October 23, 2018, relator filed a motion to revive the judgment with respondent trial court judge, which stated in part: "The Judgment is valid, subsisting and unpaid, so [relator] seeks to revive the Judgment for 10 more years from the date on which the Judgment became dormant." The default judgment, the July 25, 2008 order reviving judgment, and the assignment of the judgment to relator were attached to the motion.

The October 23, 2018 motion was noticed for submission on November 5, 2018. On December 5, 2018, relator sent a letter to the clerk of the 165th District

2

Court inquiring as to the status of the respondent trial court judge's ruling on the motion. Relator sent a second letter inquiring as to the status of the ruling on May 6, 2019. On November 1, 2019, relator filed the instant petition for mandamus relief, asking this Court to order the trial court to issue a ruling on the October 23, 2018 motion.

## Standard of Review

Mandamus is an extraordinary remedy, available only when the relator can show that (1) the trial court clearly abused its discretion or violated a duty imposed by law and (2) there is no adequate remedy by way of appeal. *In re Ford Motor Co.*, 165 S.W.3d 315, 317 (Tex. 2005) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). Trial courts are required to rule "within a reasonable time" on motions that are properly filed. *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling on that motion is a ministerial act." *Barnes v. State*, 832 S.W.2d 424, 426 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). Mandamus relief is available to compel a trial court to perform the ministerial act of ruling on a properly filed, pending motion. *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding); *see also In re Baylor Coll. of Med.*, No. 01-19-00105-CV, 2019 WL 3418504, at *1 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig.

3

proceeding) (mem. op.); *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d 743, 748 (Tex. App.—Corpus Christi–Edinburg 2014, orig. proceeding).

**Analysis**

The trial court has a duty "to rule on all motions on which a ruling has been sought within a reasonable time, considering all the surrounding circumstances." *In re Foster*, 503 S.W.3d 606, 607 (Tex. App.—Houston [14th Dist.] 2016, orig. proceeding) (citing *Barnes*, 832 S.W.2d at 426). "To establish that the trial court abused its discretion by failing to rule on a properly pending motion, the relator must establish the trial court (1) had a legal duty to perform a nondiscretionary act, (2) was asked to perform the act, and (3) failed or refused to do so within a reasonable time." *Baylor*, 2019 WL 3418504, at *2; *see also O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding) ("Mandamus will issue when there is a legal duty to perform a non-discretionary act, a demand for performance, and a refusal."). The determination of whether a reasonable time has lapsed "depends on the circumstances of the case." *Baylor*, 2019 WL 3418504, at *2 (citing *Blakeney*, 254 S.W.3d at 662). "The test for determining what time period is reasonable is not subject to exact formulation, and no 'bright line' separates a reasonable time from an unreasonable one." *Baylor*, 2019 WL 3418504, at *2 (quoting *In re Greater McAllen Star Props., Inc.*, 444 S.W.3d at 748).

4

In *Baylor*, this Court granted mandamus relief in light of the failure by the trial court judge—the respondent in the instant case—to rule on motions to dismiss that had been pending for more than ten months. 2019 WL 3418504, at *4. In that case, this Court took judicial notice of numerous grants of mandamus relief by the First and Fourteenth Court of Appeals in response to respondent trial court judge's failure to rule on motions and pleas that had been pending from approximately four to nineteen months.[3] Here, the record shows that relator's motion was properly filed

---

[3]    *See In re Baylor Coll. of Med.*, No. 01-19-00105-CV, 2019 WL 3418504, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding); *In re Tomball Tex. Hosp. Co., LLC d/b/a Tomball Region Med. Ctr.*, No. 01-19-00242-CV, 2019 WL 3418569, at *5 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's motion to dismiss and real party in interest's motion for interlocutory summary judgment, pending over nineteen months, and relator's amended summary-judgment motion, pending more than fourteen months); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00201-CV, 2019 WL 3418567, at *3 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's plea to jurisdiction pending more than one year); *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, No. 01-19-00202-CV, 2019 WL 3418568, at *4 (Tex. App.—Houston [1st Dist.] July 30, 2019, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's motion to dismiss pending more than one year); *In re ABC Assembly LLC*, No. 14-19-00419-CV, 2019 WL 2517865, at *3 (Tex. App.—Houston [14th Dist.] June 18, 2019, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's motion for entry of judgment pending about eight months); *In re Harris Cty. Appraisal Dist.*, No. 14-19-00078-CV, 2019 WL 1716274, at *3–4 (Tex. App.—Houston [14th Dist.] Apr. 18, 2019, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's plea to jurisdiction pending more than six months); *In re Coffey*, No. 14-18-00124-CV, 2018 WL 1627592, at *2 (Tex. App.—Houston [14th Dist.] Apr. 5, 2018, orig. proceeding) (mem. op.) (granting mandamus relief to direct respondent trial court judge to rule on relator's motion to confirm arbitration award pending more than four months); *In re*

and has been pending for more than a year. Despite two inquiries from relator as to the status of respondent trial court judge's ruling, respondent has yet to rule on the motion. This continued failure to rule on the motion will prejudice relator in its attempt to keep its judgment enforceable.[4]

## Conclusion

Accordingly, we conditionally grant relator's petition for mandamus relief and direct the trial court to rule on relator's October 23, 2018 motion to revive judgment. Our writ of mandamus will issue only if the trial court does not comply within 30 days of the date of this opinion.

Julie Countiss
Justice

Panel consists of Justices Keyes, Goodman, and Countiss.

---

*PDVSA Servs., Inc.*, No. 14-17-00824-CV, 2017 WL 6459227, at *4 (Tex. App.—Houston [14th Dist.] Dec. 19, 2017, orig. proceeding) (mem. op.) (granting mandamus relief, in part, to direct respondent trial court judge to rule on relator's motion to submit appeal of order of appraisal review board to nonbinding arbitration, pending more than eight months).

[4] This Court has previously found that there is no adequate remedy by appeal when respondent trial court judge has failed to rule on a motion within a reasonable amount of time after it was submitted. *See, e.g.*, *In re Tomball Tex. Hosp. Co., LLC*, 2019 WL 3418569, at *5; *Baylor*, 2019 WL 3418504, at *4; *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, 2019 WL 3418567, at *3; *In re The Univ. of Tex. MD Anderson Cancer Ctr.*, 2019 WL 3418568, at *4.

6