

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| IN RE SMITH and RAMIREZ RESTORATION, LLC, | § | No. 08-24-00018-CV |
| | § | AN ORIGINAL PROCEEDING IN |
| Relator. | § | MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

Relator Smith and Ramirez Restoration, LLC, filed a petition for writ of mandamus. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52.1. Relator asks this Court to compel the Honorable Angie Juarez Barill, the presiding judge of the 448th District Court of El Paso County, to rule on its motion to consolidate, or in the alternative, motion to dismiss. We conditionally grant mandamus relief.

## BACKGROUND

In 2015, Relator sued Robert K. Hudnall and Sharon E. Hudnall (the Hudnalls), for breach of contract alleging the Hudnalls failed to pay for a replacement of their roof.[1] The lawsuit was

---

[1] The 2015 case is numbered as trial cause no. 2015DCV1113.

assigned to the 448th District Court (the 2015 case). Four years later, Relator moved to invoke the parties' contract's preemptive Arbitration Clause, which the trial court granted, and the case proceeded to arbitration. The Hudnalls did not appear for the final arbitration hearing. The arbitrator found in favor of Relator and recommended an award against the Hudnalls in the amount of nearly $60,000, of which, close to $10,000 related to an unpaid balance owed on the contract, while the remainder represented attorney's fees, costs, and expenses.

Relator next filed an original petition to confirm the arbitration award. This new lawsuit filed against the Hudnalls was assigned to County Court at Law Number 6 of El Paso County (the 2021 case).[2] On March 30, 2022, in the 2021 case, the trial court signed a final judgment (the Final Judgment), rendering judgment in favor of Relator and against the Hudnalls in accordance with the arbitrator's award.

On October 19, 2023, Relator next filed a "Motion to Consolidate or, in the Alternative, Motion to Dismiss" (the motion to consolidate), in the 2015 case. Relator moved to consolidate the 2015 case with the 2021 case, and for the court to recognize that a Final Judgment had been rendered in the suit. In the alternative, Relator moved to dismiss the 2015 case claiming that all matters had been fully and finally resolved by the Final Judgment.

The trial court held a hearing on the motion to consolidate the two cases. Relator represented to the court that, when it filed the 2021 case for the purpose of entering a judgment on the arbitration award, it did not realize the 2015 case remained pending and undisposed. In opposition to the consolidation, the Hudnalls argued against the merits of both the Final Judgment and the arbitration award. The Hudnalls also informed the trial court that, although they had filed

---

[2] The 2021 case is cause no. 2021DCV4380.

2

an appeal in this Court challenging the Final Judgment, their appeal was dismissed as untimely.[3] Even so, they further stated they had filed a motion for rehearing, and it remained pending.[4] They argued there was nothing for the trial court to consolidate until this Court decided their rehearing motion, or they exhausted their rights to appeal. In reply, Relator contended the appeal did not affect the trial court's ability to consolidate the two cases. As the hearing neared its conclusion, the trial court noted that, before it made its decision on the motion to consolidate, it would wait for this Court's decision on the Hudnalls' motion for rehearing. As the session ended, it asked Relator to prepare a proposed order for final signature indicating the court "will make [its] decision as a general order, granted or denied[.]"

On October 30, the trial court signed a scheduling order setting the 2015 case for jury trial on May 13, 2024. On November 8, Relator submitted a proposed order on its motion to consolidate. Relator emailed the trial court's coordinator twice thereafter, on November 13 and November 29, inquiring of the order's status. On November 30, the trial court responded by indicating it had "already denied the motion to consolidate on the Record based on the fact that it is a closed case." Because it had already decided the motion, and because it understood that Mr. Hudnall had appealed, the trial court informed the parties it would *not* be signing the proposed order.

Relator then filed its petition for writ of mandamus seeking relief from the trial court's failure to rule on its motion to consolidate. While Relator's petition remained pending, the Hudnalls filed a motion to dismiss with this Court.

---

[3] The appeal was docketed in this Court as cause number 08-23-00260-CV.

[4] The motion for rehearing was denied on November 14, 2023.

**DISCUSSION**

Mandamus is proper to correct a clear abuse of discretion, or the violation of a duty imposed by law when there is no adequate remedy at law. *In re Kappmeyer*, 668 S.W.3d 651, 654 (Tex. 2023) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839 (Tex. 1992) (orig. proceeding). A trial court commits a clear abuse of discretion when it refuses to rule on a pending motion within a reasonable amount of time. *See In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). What is considered a reasonable amount of time is dependent upon the circumstances of each case. *See Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding).

To establish that the trial court abused its discretion by failing to rule on a pending motion, the relator must show that the trial court: "(1) had a legal duty to rule on the motion[ ]; (2) was asked to rule on the motion[ ]; and (3) failed or refused to rule on the motion[ ] within a reasonable time." *In re Liverman*, 658 S.W.3d 881, 882 (Tex. App.—El Paso 2022, orig. proceeding); *see also In re Shredder Co., L.L.C.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, original proceeding). "When a motion is properly filed and pending before a trial court, the act of giving consideration to and ruling upon [a] motion is a ministerial act, and mandamus may issue to compel the trial court to act." *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Here, our record shows Relator filed its motion to consolidate on October 19, 2023. Notably, the scheduling order of the case provided for a dispositive motions' deadline of November 20, 2023, and set a jury trial on May 13, 2024. The trial court held a hearing on the motion to consolidate on October 27, 2023. At the hearing, the trial court informed the parties it would decide on the motion to consolidate after hearing from this Court on the Hudnalls' rehearing

4

motion. Relator submitted a proposed order after the hearing and made repeated requests for a ruling on the motion. Rather than sign the written order, the trial court indicated it would not sign it as it had already denied the motion on the record. A total of three months elapsed from the time of the hearing on the motion to consolidate and Relator's filing of its petition for mandamus relief. But during that period, two months also passed from the deadline for dispositive motions.

Considering the record of this case, we conclude the trial court abused its discretion in refusing to rule on Relator's motion to consolidate despite repeated requests to do so and the expiration of a reasonable amount of time. *In re Shredder*, 225 S.W.3d at 680. Although we reach this conclusion, we do not express an opinion on whether the trial court should grant or deny the subject motion. *See In re Blakenney*, 254 S.W. 3D 659, 661 (Tex. App.—Texerkana 2008, no pet.).

Furthermore, Relator has no adequate remedy on appeal from the trial court's refusal to rule on the motion. *In re Freeport LNG, LLC*, No. 01-21-00701-CV, 2022 WL 2251649, at *3 (Tex. App.—Houston [1st Dist.] June 23, 2022, orig. proceeding) (mem.op.) (per curiam) ("The trial court's failure to rule on the motion requires Relator to defend against claims that could be resolved by this dispositive motion.").

Accordingly, Relator has established its entitlement to mandamus relief. Having reached this decision, we further conclude the Hudnalls' motion to dismiss is now moot.

**CONCLUSION**

We conditionally grant the petition for a writ of mandamus and direct the trial court to rule on the pending "Motion to Consolidate or, in the Alternative, Motion to Dismiss." Our writ of mandamus will issue only if the trial court fails to rule on the motion to compel.

GINA M. PALAFOX, Justice

March 12, 2024

Before Alley, C.J., Palafox and Soto, JJ.