**In re Richard KLEVEN, II.**

**No. 06–03–00029–CV.**

Court of Appeals of Texas, Texarkana.

Submitted March 6, 2003.

Decided March 7, 2003.

---

Richard Allen Kleven II, pro se.

Before MORRISS, C.J., ROSS and CORNELIUS,* JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Richard Kleven, II, relator, has filed a petition asking this Court to issue a writ of mandamus. In his petition, he asks this Court to direct the Fifth Judicial District Court of Texas, to rule on several motions he has filed with that court. The underlying case has already appeared before this Court in one reported decision, *Kleven v. Tex. Dep't of Criminal Justice–I.D.*, 69 S.W.3d 341 (Tex.App.-Texarkana 2002, no pet.). In that opinion, released about a year ago, we found the trial court erred by granting the Texas Department of Criminal Justice a summary judgment against Kleven. We remanded his case to the trial court for further proceedings.

█ Kleven now comes to this Court asking us to direct the trial court to rule on his motion in which Kleven requested discovery, sanctions for discovery abuse, and a trial setting. Kleven also included language in his motion declaring that, if the case had been again dismissed in the meantime, the document should be considered his notice of appeal.

█ A trial court is required to consider and rule on a motion within a reasonable time. *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265, 266–67 (Tex.Civ. App.-Tyler 1976, orig. proceeding). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act, and mandamus may issue to compel the trial court to act. *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding); *see also Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992) (holding trial court abused its discretion by refusing to conduct hearing and render decision on motion); *Chiles v. Schuble*, 788 S.W.2d 205, 207 (Tex.App.-Houston [14th Dist.] 1990, orig. proceeding) (finding mandamus appropriate to require trial court to hold hearing and exercise discretion). While we have jurisdiction to direct the trial court to make a decision, we may not tell the court what that decision should be. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex.1962); *O'Donniley v. Golden*, 860 S.W.2d 267, 269–70 (Tex.App.-Tyler 1993, orig. proceeding).

In this case, the motions have been pending with the trial court since September 27, 2002 and November 21, 2002.[1] Kleven is entitled to have a ruling on his

---

* William J. Cornelius, Chief Justice, Retired, Sitting by Assignment

1. This Court takes notice that the Fifth Judicial District Court was without its permanent judge from January 1, 2003 until February 21, 2003, and during that time, a visiting judge was assigned to sit for that court.

motions. The relief sought is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.