In re Glenn Martin GREENWELL and
the City of Texarkana, Arkansas.

No. 06–05–00035–CV.

Court of Appeals of Texas,
Texarkana.

Submitted March 23, 2005.

Decided March 24, 2005.

Ned A. Stewart Jr., Autrey, Autrey & Stewart, Texarkana, for appellant.

E. Ben Franks, Law Offices of E. Ben Franks, Texarkana, for real party in interest.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Justice CARTER.

The City of Texarkana, Arkansas, has filed a petition for writ of mandamus requesting that this Court order the Honorable Leon Pesek, Jr., Judge of the 202nd Judicial District of Texas, to rule on its motion for partial summary judgment. We conditionally grant the petition.

April Nicole Brown Davis, the plaintiff, and Glenn Martin Greenwell, a police officer on duty with the City of Texarkana, Arkansas, Police Department, had an accident on the Texas side of State Line Avenue.[1] Davis sued the City of Texarkana, Arkansas, and Greenwell alleging that the negligent conduct of Greenwell caused the collision. The City filed a motion for partial summary judgment alleging that Arkansas sovereign immunity should be applied through the doctrine of comity. According to the City, Arkansas law waives sovereign immunity only for the amount covered by liability insurance.

*See* ARK.CODE ANN. § 21–9–301 (LEXIS through 2004 legislation). Judge Pesek refused to rule on the motion, stating that the Arkansas law was a "limitation of damages under sovereign immunity" and that he saw no reason to rule on the motion until after trial.

Mandamus will issue only when the record establishes (1) a clear abuse of discretion or the violation of a duty imposed by law, and (2) the absence of a clear and adequate remedy at law. *Cantu v. Longoria*, 878 S.W.2d 131 (Tex.1994); *Walker v. Packer*, 827 S.W.2d 833, 839—40 (Tex.1992). Mandamus is an extraordinary remedy that will issue only to correct a clear abuse of discretion or, in the absence of another statutory remedy, when the trial court fails to observe a mandatory provision conferring a right or forbidding a particular action. *Abor v. Black*, 695 S.W.2d 564, 567 (Tex.1985) (orig. proceeding).

According to the City, Judge Pesek's refusal to rule denies it the opportunity to take an interlocutory appeal.[2] The City relies on the First District Court of Appeals' decision in *Grant v. Wood*, which ordered a trial judge to rule on a motion for summary judgment when the trial judge's express purpose was to deny an interlocutory appeal. 916 S.W.2d 42 (Tex.

---

1. State Line Avenue is a street inside the City of Texarkana which straddles the border of Texas and Arkansas.

2. If the motion is denied, the City claims it is entitled to an interlocutory appeal. The City claims Arkansas law must be applied through the doctrine of comity. *See Lee v. Miller County, Arkansas,* 800 F.2d 1372 (5th Cir. 1986). If the motion is denied, the City argues it would be a denial of a motion for summary judgment based on an assertion of sovereign immunity, which would entitle it to an interlocutory appeal. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 51.014 (Vernon Supp.2004–

2005). We note Davis argues that whether comity applies is within the discretion of the trial court and claims that Section 51.014 only applies to denial of sovereign immunity by the officials and entities of the State of Texas. In response, the City argues that the Full Faith and Credit Clause requires Texas to afford the same remedy to governmental entities of the State of Arkansas. Because we are issuing this writ on other grounds, it is unnecessary to decide whether the denial of this motion would entitle the City to an interlocutory appeal.

App.-Houston [1st Dist.] 1995, orig. proceeding). *But see In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex.App.-San Antonio 2003, orig. proceeding) (limiting *Grant* to circumstances where the express purpose of the trial court in refusing to rule is to prevent an interlocutory appeal). However, we find other grounds that lead us to conclude the writ should be issued.

Once a ruling has been requested on a motion pending before a trial court, the trial court is required to consider and rule on a motion within a reasonable time. *In re Kleven*, 100 S.W.3d 643, 644 (Tex.App.-Texarkana 2003, orig. proceeding); *Barnes v. State*, 832 S.W.2d 424, 426 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding); *see Eli Lilly & Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex.1992). While a trial court has some discretion in the manner in which it rules on motions, the trial court commits a clear abuse of discretion when it refuses to rule on pending motions. *Grant*, 916 S.W.2d at 45. "When a motion is properly filed and pending before a trial court, considering and ruling on the motion is a ministerial act, and mandamus may issue to compel the trial court to act." *Kleven*, 100 S.W.3d at 644; *Safety–Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex.App.-San Antonio 1997, orig. proceeding). However, if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion. *In re Mission Consol. Indep. Sch. Dist.*, 990 S.W.2d 459, 460—61 (Tex.App.-Corpus Christi 1999, orig. proceeding) (mandamus not available when only thirty days had passed).

Under the facts of this case, the trial court abused its discretion by refusing to rule on the motion for partial summary judgment before trial. The motion for partial summary judgment was filed September 9, 2004. A hearing concerning the motion was held and the trial court issued a letter October 13, 2004, indicating it would not rule on the motion before trial. The City filed a motion requesting a ruling before trial on November 9, 2004. The motion for partial summary judgment has been pending for over six months. Further, we recognize that the City has an argument that it may be entitled to an interlocutory appeal if the motion is denied. While we have jurisdiction to direct the trial court to exercise its discretion in some manner, we may not tell the trial court what that decision should be. *Crofts v. Court of Civil Appeals*, 362 S.W.2d 101 (Tex.1962); *In re Tasby*, 40 S.W.3d 190, 191 (Tex.App.-Texarkana 2001, orig. proceeding); *Cooke v. Millard*, 854 S.W.2d 134, 135 (Tex.App.-Houston [1st Dist.] 1992, orig. proceeding). The City is entitled to have a ruling on its motion for partial summary judgment before trial. The relief sought is therefore conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.