6-96-028-CV Long Trusts v. Dowd 


















In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00132-CV
______________________________



IN RE:
RAY DALE HOOKS





                                                                                                                                                             

Original Mandamus Proceeding





                                                                                                                                                             
                          


Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION
            Ray Dale Hooks has petitioned this Court for mandamus relief. Hooks alleges he has filed
with the trial court a request for DNA testing as provided by Tex. Code Crim. Proc. Ann. art. 64.01
(Vernon Supp. 2005). Hooks now claims that, for more than a year, the trial court has failed to rule
on this motion.
             When a motion is properly filed and pending before a trial court, considering and ruling on
that motion is a ministerial act, and mandamus may issue to compel the trial court to act. In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); see also Eli Lilly &
Co. v. Marshall, 829 S.W.2d 157, 158 (Tex. 1992) (holding trial court abused its discretion by
refusing to conduct hearing and render decision on motion). Before a relator may be entitled to
mandamus relief, however, he or she must provide a sufficient record to show the motion was
presented to the trial court and that court refused to act. In re Villarreal, 96 S.W.3d 708, 710 n.2
(Tex. App.—Amarillo 2003, orig. proceeding) (filing document with district clerk's office does not
demonstrate that motion has been brought to trial court's attention). 
            Hooks' petition for mandamus relief is not accompanied by a certified or sworn copy of the
motion that is the subject of his complaint, as is required by Rule 52.3(j)(1)(A) of the Texas Rules
of Appellate Procedure. See Tex. R. App. P. 52.3(j)(1)(A). 
 
 
 
            Accordingly, we deny his petition for writ of mandamus.
 
                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          December 6, 2005
Date Decided:             December 7, 2005