In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00088-CR
______________________________


JENO DEWAYNE JACKSON, Appellant
Â 
V.
Â 
THE STATE OF TEXAS, Appellee


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 

On Appeal from the 102nd Judicial District Court
Red River County, Texas
Trial Court No. CR00468


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Carter


MEMORANDUM OPINION

Â Â Â Â Â Â Â Â Â Â Â Â Jeno Dewayne Jackson attempts to appeal his conviction for aggravated sexual assault of a
child. Jackson pled guilty and was sentenced to thirty years' imprisonment. Jackson's sentence was
imposed October 25, 2005. His notice of appeal was filed MayÂ 8, 2006. We received the clerk's
record May 23, 2006, and the supplemental clerk's record containing Jackson's notice of appeal was
received May 30, 2006. The issue before us is whether Jackson timely filed his notice of appeal. 
We conclude that he did not and dismiss the attempted appeal for want of jurisdiction.
Â Â Â Â Â Â Â Â Â Â Â Â A timely notice of appeal is necessary to invoke this Court's jurisdiction. Olivo v. State, 918
S.W.2d 519, 522 (Tex. Crim. App. 1996). Rule 26.2(a) prescribes the time period in which a notice
of appeal must be filed by a defendant in order to perfect appeal in a criminal case. A defendant's
notice of appeal is timely if filed within thirty days after the day sentence is imposed or suspended
in open court, or within ninety days after sentencing if the defendant timely files a motion for new
trial. Tex. R. App. P. 26.2(a); Olivo, 918 S.W.2d at 522. The record does not contain any motion
for new trial. The last date Jackson could timely file his notice of appeal was November 28, 2005,
thirty days after the day the sentence was imposed in open court.


 See Tex. R. App. P. 26.2(a)(1). 
Further, no motion for extension of time was filed in this Court within fifteen days of the last day
allowed for filing the notice of appeal.
Â Â Â Â Â Â Â Â Â Â Â Â Jackson has failed to perfect his appeal. Accordingly, we dismiss the appeal for want of
jurisdiction.
Â 
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Jack Carter
Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Justice

Date Submitted:Â Â Â Â Â Â Â Â Â Â May 30, 2006
Date Decided:Â Â Â Â Â Â Â Â Â Â Â Â Â May 31, 2006

Do Not Publish




 UnhideWhenUsed="false" Name="Medium Grid 3 Accent 2"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 












 
 
 
 
 
 
 




Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

Â 

 In
The

   Court
of Appeals

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Sixth
Appellate District of Texas at Texarkana

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  No.
06-11-00161-CR

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  ______________________________

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  IN
RE:Â  STEPHEN CLAY JOHNSTON

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Original
Mandamus Proceeding

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â 


Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Before
Morriss, C.J., Carter and Moseley, JJ.

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Memorandum
Opinion by Chief Justice Morriss

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  








Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  MEMORANDUM
OPINION

Â 

Â Â Â Â Â Â Â Â Â Â Â  Stephen Clay
Johnston has filed a petition for writ of mandamus in which he asks this Court
to order the 6th Judicial District Court of Lamar County, Texas, to rule on
several motions[1] he
filed with the District Clerk of Lamar County.Â 
The motions were filed on the eleventh or fifteenth of August,
2011.Â  Johnston argues that the trial
court has failed or refused to fulfill its ministerial duty to consider and
rule on his motions.Â  

Â Â Â Â Â Â Â Â Â Â Â  We deny the
petition for writ of mandamus because the trial court has not had a reasonable
amount of time in which to rule on JohnstonÂs motions. 

Â Â Â Â Â Â Â Â Â Â Â  We may grant a
petition for writ of mandamus when the relator shows
there is no adequate remedy at law to redress the alleged harm and that the act
to be compelled is purely ministerial.Â  Aranda v. Dist. Clerk, 207 S.W.3d 785, 786
(Tex. Crim. App. 2006) (per curiam) (orig. proceeding).Â  When a motion is properly filed and pending
before a trial court, considering and ruling on that motion is a ministerial
act and mandamus may issue to compel the trial court to act.Â  In re Kleven, 100 S.W.3d 643, 644 (Tex. App.ÂTexarkana 2003,
orig. proceeding); see also Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.ÂSan Antonio 1997, orig.
proceeding).

Â Â Â Â Â Â Â Â Â Â Â  A trial court has
a ministerial duty to consider and rule on a motion brought to the courtÂs
attention within a reasonable amount of time.Â 
In re Bonds, 57 S.W.3d 456,
457 (Tex. App.ÂSanÂ Antonio 2001, orig. proceeding).Â  A trial courtÂs refusal to rule on a pending
motion within a reasonable amount of time constitutes a clear abuse of
discretion.Â  See In re Shredder Co., 225 S.W.3d 676, 679 (Tex. App.ÂEl Paso
2006, orig. proceeding) (citing In re
Greenwell, 160 S.W.3d 286, 288 (Tex. App.ÂTexarkana 2005, orig.
proceeding)).Â  Whether a reasonable time
has lapsed depends on the circumstances of each case. Â In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.ÂTexarkana 2008, orig.
proceeding).Â  ÂDetermining what time
period is reasonable is not subject to exact formulation. . . . Moreover, no
bright line separates a reasonable time period from an unreasonable one.Â Â Id.
(citation omitted) (citing Keeter, 134 S.W.3d at 253). Â Periods of eighteen months and thirteen months
have been held to be too long for a trial court not to rule.Â  InÂ re
Ramirez, 994 S.W.2d 682, 684 (Tex. App.ÂSan Antonio 1998, orig.
proceeding); Kissam v. Williamson, 545 S.W.2d 265 (Tex. Civ.
App.ÂTyler 1976, orig. proceeding) (per curiam).

Â Â Â Â Â Â Â Â Â Â Â  In this case,
barely one month has elapsed since the filing of the motions in question.Â  We find that Johnston has made no showing
that the trial court has had a reasonable amount of time in which to rule on
his motions.Â  See Blakeney, 254 S.W.3d at 662.Â 


Â Â Â Â Â Â Â Â Â Â Â  Accordingly, we
deny his petition for writ of mandamus. 

Â 

Â 

Â 

Â 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Josh
R. Morriss, III 

Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â Â  Chief
Justice

Â 

Date
Submitted:Â Â Â Â Â Â Â Â Â  September 15, 2011

Date
Decided:Â Â Â Â Â Â Â Â Â Â Â Â  September 16, 2011

Â 

Do Not
Publish











[1]Attached
to JohnstonÂs petition are file-stamped copies of a request for appeal bond,
request for findings of fact and conclusions of law, motion for production of
documents, request for appointment of counsel, motion for evidentiary hearing,
supplemental motion for production of documents, and a motion for bench
warrant.Â