In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00417-CV


____________________



IN RE MATTHEW PAUL CASE 


 




Original Proceeding






MEMORANDUM OPINION



 Matthew Paul Case is currently incarcerated. On July 14, 2008, the trial court entered
orders that require the Inmate Trust Fund ("ITF") to withdraw from Case's trust fund account
twenty percent of the preceding six month's deposits upon receipt of the order and ten
percent of each month's deposit thereafter. See Tex. Gov't Code Ann. § 501.014(e)
(Vernon Supp. 2009). Almost one year later, Case filed a motion to rescind the orders. In
three issues, Case contends: (1) the trial court violated Case's due process rights to notice and
his opportunity to be heard; (2) Section 501.014 permits garnishment only from inmates who
own assets; and (3) the trial court erred in failing to rule on Case's motion. For relief, Case
asks this Court to issue a writ of mandamus compelling the trial court to rescind the ITF
orders and to order the funds withdrawn pursuant to those orders to be returned to his inmate
trust fund account. We deny the petition.

 Formal garnishment procedures are not required for the trial court to order an ITF
withdrawal. Harrell v. State, 286 S.W.3d 315, 320 (Tex. 2009). A post-seizure notification
and opportunity to be heard through a motion made by the inmate satisfies the inmate's right
to due process. Id. at 321. Here, Case received notice of the orders and filed a motion. This
procedure satisfies due process. Id.

 Case complains that the trial court failed to rule on his motion. "A trial court is
required to consider and rule on a motion within a reasonable time." In re Kleven, 100
S.W.3d 643, 644 (Tex. App.--Texarkana 2003, orig. proceeding). What is considered a
reasonable amount of time depends on the circumstances of each case. See In re Blakeney,
254 S.W.3d 659, 662 (Tex. App.--Texarkana 2008, orig. proceeding). "Showing that a
motion was filed with the court clerk does not constitute proof that the motion was brought
to the trial court's attention or presented to the trial court with a request for a ruling." Id. 
To establish that the trial court refused to rule on a pending motion, the relator must provide
a record that shows that, after he filed his motion, relator asked the trial court for a hearing
and a ruling on his motion and the trial court refused to hold a hearing and to rule. Barnes
v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig. proceeding). 
Other than the filing of the motion itself, Case describes none of his efforts to obtain a ruling
from the trial court. From this record, it appears that Case did not alert the trial court that a
motion had been filed and that Case was requesting a hearing and a ruling on that motion.

 Case has not shown that he is entitled to mandamus relief. Accordingly, we deny the
petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM


Opinion Delivered November 12, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.