In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-09-00561-CV


____________________



IN RE DWIGHT MCDUFFIE


 




Original Proceeding






MEMORANDUM OPINION


 

 Dwight McDuffie filed a petition for writ of mandamus in which he seeks to compel
the trial court to rule on his "Motion for Summary Judgment." According to McDuffie, the
clerk issued citations in the case on August 6, 2009, and the defendants have not filed an
answer. McDuffie complains that the trial court has not ruled on his motion. McDuffie
attaches copies of two letters to his mandamus petition. A letter dated October 15, 2009,
from the district clerk to McDuffie, informs him that the clerk had not yet received a return
of service on one of the defendants for whom citation has issued. A transmittal letter dated
October 21, 2009, asks the district clerk to notify McDuffie of the date the motion is filed,
but does not include a request to present the motion to the trial court for a ruling.

 "A trial court is required to consider and rule on a motion within a reasonable time." 
In re Kleven, 100 S.W.3d 643, 644 (Tex. App.--Texarkana 2003, orig. proceeding). What
is considered a reasonable amount of time depends on the circumstances of each case. In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.--Texarkana 2008, orig. proceeding). "Showing
that a motion was filed with the court clerk does not constitute proof that the motion was
brought to the trial court's attention or presented to the trial court with a request for a ruling." 
Id. To establish that the trial court refused to rule on a pending motion, the relator must
provide a record that shows that, after he filed his motion, relator asked the trial court for a
hearing and a ruling on his motion and the trial court refused to hold a hearing and to rule. 
Barnes v. State, 832 S.W.2d 424, 426 (Tex. App.--Houston [1st Dist.] 1992, orig.
proceeding). Other than the filing of the motion itself, McDuffie describes none of his
efforts to obtain a ruling from the trial court. From this record, it appears that McDuffie did
not alert the trial court that a motion had been filed and that McDuffie was requesting a
ruling on that motion.

 McDuffie has not shown that he is entitled to mandamus relief. Accordingly, we deny
the petition for writ of mandamus.

 PETITION DENIED.

 PER CURIAM


Opinion Delivered December 31, 2009

Before McKeithen, C.J., Gaultney and Horton, JJ.