In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00161-CR

                                                ______________________________

 

 

 

                                             IN
RE:  STEPHEN CLAY JOHNSTON

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Stephen Clay
Johnston has filed a petition for writ of mandamus in which he asks this Court
to order the 6th Judicial District Court of Lamar County, Texas, to rule on
several motions[1] he
filed with the District Clerk of Lamar County. 
The motions were filed on the eleventh or fifteenth of August,
2011.  Johnston argues that the trial
court has failed or refused to fulfill its ministerial duty to consider and
rule on his motions.  

            We deny the
petition for writ of mandamus because the trial court has not had a reasonable
amount of time in which to rule on Johnston’s motions. 

            We may grant a
petition for writ of mandamus when the relator shows
there is no adequate remedy at law to redress the alleged harm and that the act
to be compelled is purely ministerial.  Aranda v. Dist. Clerk, 207 S.W.3d 785, 786
(Tex. Crim. App. 2006) (per curiam) (orig. proceeding).  When a motion is properly filed and pending
before a trial court, considering and ruling on that motion is a ministerial
act and mandamus may issue to compel the trial court to act.  In re Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003,
orig. proceeding); see also Safety-Kleen
Corp. v. Garcia, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig.
proceeding).

            A trial court has
a ministerial duty to consider and rule on a motion brought to the court’s
attention within a reasonable amount of time. 
In re Bonds, 57 S.W.3d 456,
457 (Tex. App.—San Antonio 2001, orig. proceeding).  A trial court’s refusal to rule on a pending
motion within a reasonable amount of time constitutes a clear abuse of
discretion.  See In re Shredder Co., 225 S.W.3d 676, 679 (Tex. App.—El Paso
2006, orig. proceeding) (citing In re
Greenwell, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig.
proceeding)).  Whether a reasonable time
has lapsed depends on the circumstances of each case.  In re
Blakeney, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig.
proceeding).  “Determining what time
period is reasonable is not subject to exact formulation. . . . Moreover, no
bright line separates a reasonable time period from an unreasonable one.”  Id.
(citation omitted) (citing Keeter, 134 S.W.3d at 253).  Periods of eighteen months and thirteen months
have been held to be too long for a trial court not to rule.  In re
Ramirez, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig.
proceeding); Kissam v. Williamson, 545 S.W.2d 265 (Tex. Civ.
App.—Tyler 1976, orig. proceeding) (per curiam).

            In this case,
barely one month has elapsed since the filing of the motions in question.  We find that Johnston has made no showing
that the trial court has had a reasonable amount of time in which to rule on
his motions.  See Blakeney, 254 S.W.3d at 662. 


            Accordingly, we
deny his petition for writ of mandamus. 

 

 

 

 

                                                                        Josh
R. Morriss, III 

                                                                        Chief
Justice

 

Date
Submitted:          September 15, 2011

Date
Decided:             September 16, 2011

 

Do Not
Publish











[1]Attached
to Johnston’s petition are file-stamped copies of a request for appeal bond,
request for findings of fact and conclusions of law, motion for production of
documents, request for appointment of counsel, motion for evidentiary hearing,
supplemental motion for production of documents, and a motion for bench
warrant.