

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00161-CR

_____

IN RE:   STEPHEN CLAY JOHNSTON

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Stephen Clay Johnston has filed a petition for writ of mandamus in which he asks this Court to order the 6th Judicial District Court of Lamar County, Texas, to rule on several motions[1] he filed with the District Clerk of Lamar County. The motions were filed on the eleventh or fifteenth of August, 2011. Johnston argues that the trial court has failed or refused to fulfill its ministerial duty to consider and rule on his motions.

We deny the petition for writ of mandamus because the trial court has not had a reasonable amount of time in which to rule on Johnston's motions.

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (per curiam) (orig. proceeding). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act and mandamus may issue to compel the trial court to act. *In re Kleven*, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

A trial court has a ministerial duty to consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex.

---

[1] Attached to Johnston's petition are file-stamped copies of a request for appeal bond, request for findings of fact and conclusions of law, motion for production of documents, request for appointment of counsel, motion for evidentiary hearing, supplemental motion for production of documents, and a motion for bench warrant.

App.—San Antonio 2001, orig. proceeding). A trial court's refusal to rule on a pending motion within a reasonable amount of time constitutes a clear abuse of discretion. *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding) (citing *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding)). Whether a reasonable time has lapsed depends on the circumstances of each case. *In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding). "Determining what time period is reasonable is not subject to exact formulation. . . . Moreover, no bright line separates a reasonable time period from an unreasonable one." *Id.* (citation omitted) (citing *Keeter*, 134 S.W.3d at 253). Periods of eighteen months and thirteen months have been held to be too long for a trial court not to rule. *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265 (Tex. Civ. App.—Tyler 1976, orig. proceeding) (per curiam).

In this case, barely one month has elapsed since the filing of the motions in question. We find that Johnston has made no showing that the trial court has had a reasonable amount of time in which to rule on his motions. *See Blakeney*, 254 S.W.3d at 662.

Accordingly, we deny his petition for writ of mandamus.

3

Josh R. Morriss, III
Chief Justice

Date Submitted:     September 15, 2011
Date Decided:      September 16, 2011

Do Not Publish

4