In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00100-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

KEVIN
SHAWN ARMSTRONG

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Kevin Shawn Armstrong has filed a
petition for writ of mandamus in which he asks this Court to order the 115th
Judicial District Court of Marion County, Texas, to rule on several motions[1]
he filed with the District Clerk of Marion County.[2]  The motions were filed October 15, 2010.  When the trial court did not rule on his
motions, Armstrong filed a “request for ruling on pending motions” February 3,
2011.  Armstrong argues that the trial
court has failed or refused to fulfill its ministerial duty to consider and
rule on his motions.  

             We conditionally grant Armstrong’s petition
because he is entitled to have a ruling on his motions. 

            We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding)
(citing Winters v. Presiding Judge of
Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003)).  When a motion is properly filed
and pending before a trial court, considering and ruling on that motion is a
ministerial act, to compel which mandamus may issue.  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

            A trial court has a ministerial duty
to consider and rule on a motion brought to the court’s attention within a
reasonable amount of time.  In re Bonds, 57 S.W.3d 456, 457 (Tex.
App.—San Antonio 2001, orig. proceeding). 
Refusal to rule on a pending motion within a reasonable amount of time
can be remedied by mandamus.  See In re Shredder Co., 225 S.W.3d 676,
679 (Tex. App.—El Paso 2006, orig. proceeding) (citing In re Greenwell, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005,
orig. proceeding)).  Whether a reasonable
time has lapsed depends on the circumstances of each case.  Blakeney,
254 S.W.3d at 662.  “Determining what
time period is reasonable is not subject to exact formulation. . . .  Moreover, no bright line separates a
reasonable time period from an unreasonable one.”  Id. (citing In re Keeter, 134 S.W.3d 250, 253 (Tex.
App.—Waco 2003, orig. proceeding)). 
Periods of eighteen months, thirteen months, and three months have been
held to be too long for a trial court not to rule.  Kleven,
100 S.W.3d at 644–45; In re Ramirez,
994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); Kissam v. Williamson, 545 S.W.2d 265
(Tex. App.—Tyler 1976, orig. proceeding) (per curiam).

            In this case, the motions have been
pending with the trial court since October 15, 2010.  Armstrong is entitled to have a ruling on his
motions.  The relief sought is, therefore,
conditionally granted.  The writ will
issue only if the trial court fails to take appropriate action in accordance
with this opinion.

 

 

                                                                                    Josh
R. Morriss, III

                                                                                    Chief
Justice

 

Date
Submitted:          November 15, 2011

Date
Decided:             November 16, 2011

 

 

 











[1]Attached
to Armstrong’s petition are file-stamped copies of motions to modify custody
and visitation, to compel performance of attorney ad litem, and for telephone
conference.

 





[2]When
Armstrong filed his motions with the district clerk, his cover letter requested
that the clerk bring the motions to the trial court’s attention.  See In
re Blakeney, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig.
proceeding) (“The trial court is not required to consider a motion unless it is
called to the court’s attention.”).