

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00100-CV

_____

IN RE:
KEVIN SHAWN ARMSTRONG

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Kevin Shawn Armstrong has filed a petition for writ of mandamus in which he asks this Court to order the 115th Judicial District Court of Marion County, Texas, to rule on several motions[1] he filed with the District Clerk of Marion County.[2] The motions were filed October 15, 2010. When the trial court did not rule on his motions, Armstrong filed a "request for ruling on pending motions" February 3, 2011. Armstrong argues that the trial court has failed or refused to fulfill its ministerial duty to consider and rule on his motions.

We conditionally grant Armstrong's petition because he is entitled to have a ruling on his motions.

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing *Winters v. Presiding Judge of Criminal Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act, to compel which mandamus may issue. *In re Kleven*, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); *see also Safety-Kleen*

---

[1]Attached to Armstrong's petition are file-stamped copies of motions to modify custody and visitation, to compel performance of attorney ad litem, and for telephone conference.

[2]When Armstrong filed his motions with the district clerk, his cover letter requested that the clerk bring the motions to the trial court's attention. *See In re Blakeney*, 254 S.W.3d 659, 662 (Tex. App.—Texarkana 2008, orig. proceeding) ("The trial court is not required to consider a motion unless it is called to the court's attention.").

2

*Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

A trial court has a ministerial duty to consider and rule on a motion brought to the court's attention within a reasonable amount of time. *In re Bonds*, 57 S.W.3d 456, 457 (Tex. App.—San Antonio 2001, orig. proceeding). Refusal to rule on a pending motion within a reasonable amount of time can be remedied by mandamus. *See In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex. App.—El Paso 2006, orig. proceeding) (citing *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding)). Whether a reasonable time has lapsed depends on the circumstances of each case. *Blakeney*, 254 S.W.3d at 662. "Determining what time period is reasonable is not subject to exact formulation. . . . Moreover, no bright line separates a reasonable time period from an unreasonable one." *Id.* (citing *In re Keeter*, 134 S.W.3d 250, 253 (Tex. App.—Waco 2003, orig. proceeding)). Periods of eighteen months, thirteen months, and three months have been held to be too long for a trial court not to rule. *Kleven*, 100 S.W.3d at 644–45; *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding); *Kissam v. Williamson*, 545 S.W.2d 265 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam).

3

In this case, the motions have been pending with the trial court since October 15, 2010. Armstrong is entitled to have a ruling on his motions. The relief sought is, therefore, conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 15, 2011
Date Decided:      November 16, 2011

4