In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No.
06-11-00131-CV

                                                ______________________________

 

 

 

                                                                        IN
RE:

                                                            FRANK
KEATHLEY

 

 

 

                                                                                                  


 

                                                                                                                            


                                                     Original
Mandamus Proceeding

 

                                                                                                  


 

 

 

 

                                          Before
Morriss, C.J., Carter and Moseley, JJ.

                                        Memorandum
Opinion by Chief Justice Morriss

                                                                              

                                                                              








                                                      MEMORANDUM
OPINION

 

            Frank Keathley and J.J. Investments
Co., Ltd., were involved in a contract dispute in the 62nd Judicial District
Court in Franklin County, Texas.  The
amount in controversy, $41,763.50, was placed into the registry of the
court.  When the parties reached a
mutually agreeable resolution to the suit, they jointly moved to dismiss the
suit.  On March 25, 2011, the trial court
granted the motion, entered an order dismissing the case with prejudice, and
also entered an agreed order to distribute the funds from the registry as follows:  $40,000.00 to Keathley, $845.00 to Keathley’s
attorney, and $918.50 to J.J. Investments. 
Five days later, a Franklin County constable served a writ of execution
on the deputy clerk as a levy against the $41,763.50, which had not yet been
distributed from the registry of the court. 
The writ of execution was an attempt to collect on a March 8, 2011,
Smith County, Texas, judgment against Keathley and his wife, Melissa, in favor
of Corbitt Baker, Carroll Bobo, and Mollie Bobo, all doing business as United
Country Bobo Realty.  

            On April 13, 2011, on Keathley’s
motion, the trial court granted a temporary restraining order, restraining the constable
from enforcing the levy and restraining the district clerk from releasing the
funds.  On May 12, 2011, the trial court
granted a temporary injunction, continuing the restrictions of its temporary
restraining order.  

            Keathley filed a petition for writ
of mandamus, asking this Court to:  (1)
order the trial court to vacate or rescind the temporary injunction as it
restrains the clerk from releasing the funds in the registry; (2) order the
clerk to distribute the registry funds as per the agreed order; (3) order the
trial court to declare void the writ of execution and levy; and (4) continue
the temporary injunction against the constable. 


            We may grant a petition for writ of
mandamus when the relator shows there is no adequate remedy at law to redress
the alleged harm and that the act to be compelled is purely ministerial.  Aranda
v. Dist. Clerk, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding)
(citing Winters v. Presiding Judge of
Criminal Dist. Court No. Three, 118 S.W.3d 773, 775 (Tex. Crim. App.
2003)).  When a motion is properly filed
and pending before a trial court, considering and ruling on that motion is a
ministerial act and mandamus may issue to compel the trial court to act.  In re
Kleven, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); see also Safety-Kleen Corp. v. Garcia,
945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

            Litigants have a right to an
interlocutory appeal of a trial court order granting or refusing a temporary
injunction or granting or overruling a motion to dissolve a temporary
injunction.  See Tex. Civ. Prac. &
Rem. Code Ann. § 51.014 (West Supp. 2011).  Because Keathley has an adequate remedy at
law, we deny his petition for writ of mandamus.

 

 

                                                                                    Josh R. Morriss, III

                                                                                    Chief Justice

 

Date Submitted:    
January 31, 2012              

Date Decided:      
February 1, 2012