

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-11-00131-CV

_____

IN RE:
FRANK KEATHLEY

Original Mandamus Proceeding

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

Frank Keathley and J.J. Investments Co., Ltd., were involved in a contract dispute in the 62nd Judicial District Court in Franklin County, Texas. The amount in controversy, $41,763.50, was placed into the registry of the court. When the parties reached a mutually agreeable resolution to the suit, they jointly moved to dismiss the suit. On March 25, 2011, the trial court granted the motion, entered an order dismissing the case with prejudice, and also entered an agreed order to distribute the funds from the registry as follows: $40,000.00 to Keathley, $845.00 to Keathley's attorney, and $918.50 to J.J. Investments. Five days later, a Franklin County constable served a writ of execution on the deputy clerk as a levy against the $41,763.50, which had not yet been distributed from the registry of the court. The writ of execution was an attempt to collect on a March 8, 2011, Smith County, Texas, judgment against Keathley and his wife, Melissa, in favor of Corbitt Baker, Carroll Bobo, and Mollie Bobo, all doing business as United Country Bobo Realty.

On April 13, 2011, on Keathley's motion, the trial court granted a temporary restraining order, restraining the constable from enforcing the levy and restraining the district clerk from releasing the funds. On May 12, 2011, the trial court granted a temporary injunction, continuing the restrictions of its temporary restraining order.

Keathley filed a petition for writ of mandamus, asking this Court to: (1) order the trial court to vacate or rescind the temporary injunction as it restrains the clerk from releasing the funds

2

in the registry; (2) order the clerk to distribute the registry funds as per the agreed order; (3) order the trial court to declare void the writ of execution and levy; and (4) continue the temporary injunction against the constable.

We may grant a petition for writ of mandamus when the relator shows there is no adequate remedy at law to redress the alleged harm and that the act to be compelled is purely ministerial. *Aranda v. Dist. Clerk*, 207 S.W.3d 785, 786 (Tex. Crim. App. 2006) (orig. proceeding) (citing *Winters v. Presiding Judge of Criminal Dist. Court No. Three*, 118 S.W.3d 773, 775 (Tex. Crim. App. 2003)). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act and mandamus may issue to compel the trial court to act. *In re Kleven*, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

Litigants have a right to an interlocutory appeal of a trial court order granting or refusing a temporary injunction or granting or overruling a motion to dissolve a temporary injunction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2011). Because Keathley has an adequate remedy at law, we deny his petition for writ of mandamus.

Josh R. Morriss, III
Chief Justice

Date Submitted:     January 31, 2012

Date Decided:          February 1, 2012