

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00132-CR

IN RE:  STEVE A. COSTON

Original Mandamus Proceeding

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Moseley

Steve Alan Coston,[1] an inmate proceeding pro se, has petitioned this Court for a writ of mandamus seeking to have our court compel the 102nd Judicial District Court in Red River County to rule on his petition for reformation of sentence. We will deny relief.

To be entitled to mandamus relief, a relator must show (1) that he has no adequate remedy at law and (2) that what he seeks to compel is a ministerial act. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013) (orig. proceeding). The ministerial-act prerequisite is satisfied if the relator can show a clear right to the relief sought. *State ex rel. Young v. Sixth Judicial Court of Appeals at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). When a relator fails to meet both of these requirements, then the petition for a writ of mandamus should be denied. *Id.*

A trial court is required to consider and rule on a properly filed motion within a reasonable period of time once a ruling has been requested. *In re Greenwell*, 160 S.W.3d 286, 288 (Tex. App.—Texarkana 2005, orig. proceeding). Thus, consideration of a request or motion that has been properly filed and brought before the court is a ministerial act. *State ex rel. Curry v. Gray*, 726 S.W.2d 125, 128 (Tex. Crim. App. 1987) (orig. proceeding). To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish that "(1) the motion was properly filed and had been pending for a reasonable time; (2) he requested a ruling on the motion;

---

[1] Pursuant to a plea agreement, Coston pled guilty to driving while intoxicated, third or more, and pled true to two enhancements alleged in the indictment. After finding him guilty of the charged offense and finding the enhancements true, Coston was sentenced to twenty-five years' incarceration.

and (3) the trial court has either refused to rule or failed to rule within a reasonable time." *In re Brown*, No. 06-17-00049-CR, 2017 WL 1404372, at *2 (Tex. App.—Texarkana Apr. 18, 2017, orig. proceeding) (mem. op., not designated for publication);[2] *Barnes v. State*, 832 S.W.2d 424, 426–27 (Tex. App.—Houston [1st Dist.] 1992, orig. proceeding). "However, if a reasonable time has not yet passed, the trial court's failure to rule may not be a clear abuse of discretion." *Id.* (citing *Greenwell*, 160 S.W.3d at 288).

"There is no bright-line rule establishing what constitutes a reasonable time period." *In re Smith*, No. 06-15-00223-CR, 2016 WL 157627, at *2 (Tex. App.—Texarkana Jan. 14, 2016, orig. proceeding) (mem. op., not designated for publication) (citing *Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding)). Eighteen months is clearly too long, supporting mandamus relief, *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding), as is five months, *In re Cash*, 99 S.W.3d 286, 288 (Tex. App.—Texarkana 2003), and three months, *In re Villareal*, No. 13-15-00264-CR, 2015 WL 4504694, at *3 (Tex. App.—Corpus Christi July 23, 2015, orig. proceeding) (citing *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding)). However, seven weeks is not a per se unreasonable time period. *See Ex parte Bates*, 65 S.W.3d 133, 136 (Tex. App.—Amarillo 2001, orig. proceeding).

Here, correspondence from the Red River District Clerk establishes that Coston's petition was presented to the trial court on May 1, 2017, and again on May 15, 2017. However, we

---

[2]Although this unpublished case has no precedential value, we may take guidance from it "as an aid in developing reasoning that may be employed." *Carrillo v. State*, 98 S.W.3d 789, 794 (Tex. App.—Amarillo 2003, pet. ref'd).

conclude that Coston has failed to show that the eight-to-ten-week delay in this case is unreasonable, and therefore, Coston has failed to establish that he is entitled to the mandamus relief requested. *See id.*; *In re Kleven*, 100 S.W.3d 643, 644–45 (Tex. App.—Texarkana 2003, orig. proceeding).

Accordingly, we deny Coston's petition without prejudice to refiling at a later date.


Bailey C. Moseley
Justice

Date Submitted:    July 19, 2017
Date Decided:    July 20, 2017

Do Not Publish