COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| IN RE | § | No. 08-20-00198-CV |
|---|---|---|
| GTG SOLUTIONS, INC., | § | AN ORIGINAL PROCEEDING |
| Relator. | § | IN MANDAMUS |

## **O P I N I O N**

Relator GTG Solutions, Inc. ("GTG") filed a petition for writ of mandamus against the Honorable John L. Pool, judge of the 109th District Court of Winkler County, Texas. GTG requests the Court to direct Judge Pool to rule on GTG's motion to compel discovery responses, which was heard on July 24, 2019.

We conditionally grant mandamus relief and direct the trial court to rule on the motion within thirty days.

## I. FACTUAL BACKGROUND

As more fully set out in a related and contemporaneously decided mandamus proceeding, this case involves a dispute over unpaid invoices.[1] Relevant to this case, GTG provides septic services at drilling sites. Real Party in Interest, FLX Energy Services, LLC ("FLX"), contracted

---

[1] GTG filed a separate petition for mandamus complaining of the trial court's order severing and abating its claims against the Rylees, which this Court denies. *In re GTG Solutions, Inc.*, No. 08-20-00182, 2021 WL ____ (Tex.App.--El Paso Aug. 25, 2021, orig. proceeding).

1

for some of those services. When a dispute arose over several unpaid invoices, FLX filed a declaratory relief claim to establish the amount of any sums owed. After answering the suit, GTG in April 2019 served written discovery upon FLX, including requests for admissions, requests for production, and interrogatories. The discovery included some requests typical for a breach of contract case, but also sought other information, such as the identification of assets owned by FLX, and the identity of the owners/operators of the wells for which septic services were provided. FLX answered some of the requests but objected to others.

On June 26, 2019, GTG filed a motion to compel and request for sanctions against FLX. The motion alleges that GTG intended to file a counterclaim for payment of outstanding invoices, and that it had claims against FLX under other theories, such as breach of fiduciary duty, conversion of trust funds, fraud, and fraud in the inducement.[2] The trial court heard the motion to compel on July 24, 2019. After hearing argument, the trial court requested that both sides submit proposed orders. In March 2020, GTG emailed the trial court to follow up on the status of the ruling on its motion to compel.

GTG had also sought and obtained leave of court to join the owners of FLX, Michael and Mary Rylee, as third-party defendants. The Rylees were added under an alter ego claim asserting that they were individually liable for FLX's debts. FLX and the Rylees filed a motion to sever and abate the third-party claims, which the trial court heard on June 17, 2020. At the severance hearing, the trial court indicated that it would rule on the pending discovery issues once the severance motion was resolved. The trial court granted the severance motion the same day but did not issue a ruling on the motion to compel.

---

[2] The record in the companion mandamus shows that GTG indeed filed such a counterclaim shortly before the hearing on the motion to compel.

2

Several months later, GTG then filed this mandamus, complaining that the trial court has not ruled on the motion to compel. In its sole issue, GTG contends that it is entitled to mandamus relief because Judge Pool has failed to rule on its motion to compel within a reasonable time (here, some sixteen months from the date its motion to compel was heard).

## II. MANDAMUS STANDARD

Generally, mandamus relief is appropriate only to correct a clear abuse of discretion or to compel the performance of a ministerial duty, and where the relator has no adequate remedy by appeal. *In re Reece*, 341 S.W.3d 360, 364 (Tex. 2011) (orig. proceeding); *In re The Prudential Ins. Co. of America*, 148 S.W.3d 124, 135-36 (Tex. 2004) (orig. proceeding). The relator carries the burden of demonstrating that it is entitled to mandamus relief. *See In re Ford Motor Company*, 165 S.W.3d 315, 317 (Tex. 2005) (per curiam) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (orig. proceeding).

To obtain mandamus relief based on a trial court's failure to perform a ministerial duty, the relator must show that the trial court: (1) had a legal duty to perform a non-discretionary act; (2) was asked to perform that act; and (3) refused to do so. *See O'Connor v. First Court of Appeals*, 837 S.W.2d 94, 97 (Tex. 1992) (orig. proceeding). In the context of this case, mandamus may issue when a trial court fails to rule upon a properly filed motion within a reasonable period of time. *In re ReadyOne Indus., Inc.*, 463 S.W.3d 623, 624 (Tex.App.--El Paso 2015, orig. proceeding) (granting relief for a delay of more than seven months in ruling on a motion to compel arbitration); *In re Shredder Co.*, 225 S.W.3d 676, 679 (Tex.App.--El Paso 2006, orig. proceeding) (granting relief for a delay of more than six months in ruling on a motion to compel arbitration); *In re Kleven*, 100 S.W.3d 643, 644-45 (Tex.App.--Texarkana 2003, orig. proceeding) (granting relief for delays of more than three and five months on motions for discovery, sanctions, and for a

3

trial setting); *see also Eli Lilly and Co. v. Marshall*, 829 S.W.2d 157, 158 (Tex. 1992) (orig. proceeding) (per curiam) (refusal to set hearing on discovery issue).

## III. DISCUSSION

### A. The Trial Court had a Legal Duty to Rule on the Motion to Compel

A trial court has a ministerial, non-discretionary duty to consider and rule on a motion that is properly filed and brought before the court. *See Eli Lilly*, 829 S.W.2d at 158. The trial court must make a ruling on the motion within a reasonable amount of time. *In re Shredder Co.*, 225 S.W.3d at 679. Consequently, the trial court had a ministerial duty to rule on GTG's motion to compel within a reasonable amount of time.

### B. The Trial Court was Asked to Rule on the Motion to Compel

GTG requested that the trial court rule on the motion to compel. At the hearing on the motion to compel, the trial court stated that it would review each individual discovery request before making a ruling and requested both sides to submit proposed orders for consideration. Both parties promptly submitted proposed orders as requested. GTG made an additional request for a ruling via email in March 2020. Finally, it requested a ruling again at the severance hearing in June 2020. Based on this record, we conclude that GTG has provided sufficient evidence showing that the trial court has been asked to rule on its motion to compel.

### C. The Trial Court Refused to Rule on the Motion Within a Reasonable Time

The final question is whether the trial court has failed to rule on the motion within a reasonable time. *In re Shredder Co.*, 225 S.W.3d at 679. What constitutes a reasonable time depends on the facts and circumstances of the particular case, and "no bright-line demarcates the boundaries of a reasonable time period." *In re Mesa Petroleum Partners, LP*, 538 S.W.3d 153, 157 (Tex.App.--El Paso 2017, orig. proceeding). The scope of this time period is dependent upon

4

several criteria, including the seriousness and complexity of the pending motion, the court's actual knowledge of the motion, the length of time the motion has been pending, the imminence of any trial setting, the court's overt refusal to act, the state of the trial court's docket, the existence of judicial and administrative matters which the trial court must first address, and the court's inherent power to control its own docket. *See id.* (citing cases). Each case must be determined based upon the totality of the facts and circumstances. *Id.*

As noted above, GTG added the owners of FLX to the suit under an alter ego theory. We surmise that at least some of the discovery requests might be directed at supporting that claim. But GTG's counsel at the motion to compel hearing advanced other theories for why it sought some of the information.[3] We express no opinion on the validity of any of these theories. *See In re Shredder Co.*, 225 S.W.3d at 680 ("Although we have jurisdiction to direct the trial court to exercise its discretion in some manner, under no circumstances may we tell the trial court what its decision should be."). The most we say is that GTG was entitled to some ruling based on its arguments, even if the ruling was only that a particular request was a part of the abated portion of the case, and need not be answered for that reason.

We also acknowledge that a portion of the alleged delay falls within the time limiting in-court proceedings in the Texas court system due to the COVID-19 pandemic. However, there is no indication in the record before us that the pandemic has negatively impacted the trial court's ability to issue a ruling on GTG's motion within a reasonable time. *See In re UpCurve Energy Partners, LLC*, No. 08-21-00053, 2021 WL 2659832 at *3 (Tex.App.--El Paso June 29, 2021, orig. proceeding) (granting mandamus relief for failure to timely rule, noting that there was no

---

[3] For instance, it sought the identity of well operators and other entities who benefited from GTG's services. Its counsel argued at the hearing that it was entitled to this information as those other entities might be liable for the bills if FLX did not pay them. GTG also claimed the discovery aided its breach of fiduciary duty theory because it might show that FLX planned to push GTG aside and enter the septic business itself.

indication the pandemic had prevented the trial court from ruling); *In re McAllen Hosps., L.P.*, No. 13-20-00210-CV, 2020 WL 2611272 at \*7-8 (Tex.App.--Corpus Christi May 22, 2020, orig. proceeding) (mem. op.) (same).

Accordingly, we find that the trial court's failure to rule under these circumstances constitutes a refusal to rule.

## IV. CONCLUSION

Having considered all the facts and circumstances, we conclude that more than a reasonable period of time has passed in which to rule on GTG's motion to compel, and that the trial court abused its discretion by failing to rule on the motion within a reasonable period of time. Accordingly, we sustain the sole issue presented by GTG and direct Respondent to issue his rulings within thirty days from the date of this opinion. We are confident Respondent will comply with this directive, and the writ of mandamus will only issue if he fails to do so.

JEFF ALLEY, Justice

August 25, 2021

Before Rodriguez, C.J., Palafox, and Alley, JJ.