

## NUMBER 13-13-00356-CV

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

## IN RE ROGER LEE SCHOOLER JR.

## On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Garza and Perkes
### Memorandum Opinion by Justice Perkes[1]

Relator, Roger Lee Schooler Jr., proceeding pro se, filed a petition for writ of

mandamus on July 18, 2013. Through this original proceeding, relator seeks to compel

the Honorable Randy M. Clapp of the 329th District Court of Wharton County, Texas to

consider and rule on relator's motions and petition for bill of review in the underlying civil

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *see id.* R. 47.4 (distinguishing opinions and memorandum opinions).

1

forfeiture case. We conditionally grant the petition for writ of mandamus as stated herein.

## I. STANDARD OF REVIEW

Mandamus will issue only to correct a clear abuse of discretion for which the relator has no adequate remedy at law. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 135 (Tex. 2004) (orig. proceeding); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992) (orig. proceeding). A trial court has no discretion in determining what the law is or in applying the law to the facts, and a clear failure to analyze or apply the law correctly will constitute an abuse of discretion. *Walker*, 827 S.W.2d at 840.

Mandamus is appropriate only when the relator has no adequate remedy on appeal. *Id.* The adequacy of an appellate remedy must be determined by balancing the benefits of mandamus review against the detriments. *In re Prudential Ins. Co. of Am.*, 148 S.W.3d at 136. In evaluating the benefits and detriments, we consider whether mandamus will preserve important substantive and procedural rights from impairment or loss. *Id.*; *see In re Team Rocket, L.P.*, 256 S.W.3d 257, 262 (Tex. 2008) (orig. proceeding). When a motion is properly filed and pending before a trial court, considering and ruling on that motion is a ministerial act for which mandamus may issue. *In re Kleven*, 100 S.W.3d 643, 644 (Tex. App.—Texarkana 2003, orig. proceeding); *see also Safety-Kleen Corp. v. Garcia*, 945 S.W.2d 268, 269 (Tex. App.—San Antonio 1997, orig. proceeding).

It is the relator's burden to properly request and show entitlement to mandamus relief. *Walker*, 827 S.W.2d at 837; *In re Davidson*, 153 S.W.3d 490, 491 (Tex. App.—Amarillo 2004, orig. proceeding); *see Barnes v. State*, 832 S.W.2d 424, 426 (Tex.

2

App.—Houston [1st Dist.] 1992, orig. proceeding) ("Even a pro se applicant for a writ of mandamus must show himself entitled to the extraordinary relief he seeks."). In addition to other requirements, the relator must include a statement of facts supported by citations to "competent evidence included in the appendix or record," and must also provide "a clear and concise argument for the contentions made, with appropriate citations to authorities and to the appendix or record*." See generally* TEX. R. APP. P. 52.3. The relator must also file an appendix and record sufficient to support the claim for mandamus relief. *See id.* R. 52.3(k) (specifying the required contents for the appendix); R. 52.7(a) (specifying the required contents for the record); *see also Walker*, 827 S.W.2d at 837; *In re Blakeney*, 254 S.W.3d 659, 661 (Tex. App.—Texarkana 2008, orig. proceeding).

## II. ANALYSIS

By one issue, relator contends that the trial court abused its discretion in failing to consider and rule upon relator's motions and bill of review. This is the second petition for writ of mandamus filed by relator raising this same issue*. See In re Schooler*, No. 13-12 00112-CR, 2012 Tex. App. LEXIS 1289 (Tex. App.—Corpus Christi Feb. 10, 2012, orig. proceeding) (per curiam mem. op., not designated for publication). This Court denied relator's first petition for writ of mandamus on grounds that relator had not met his burden to obtain mandamus relief. *See id.* at *2.

In the instant case, relator's petition for writ of mandamus was filed in substantial compliance with the Texas Rules of Appellate Procedure and contains sections for the identity of parties, the table of contents, an index to the appendix, an index of authorities, a statement of facts, a statement of jurisdiction, the issues presented,

3

argument and authorities, and prayer. *See generally* TEX. R. APP. P. 52. Although the certification does not follow the specific format required by the appellate rules, relator has verified the contents of the petition as true and correct. *See id.* R. 52.3(j). The petition includes argument supported by appropriate citations to authority and to documents included in the appendix. *See id.* R. 52.3(h). The appendix to the petition includes several items of supporting documentation, including:

(1)     A February 8, 2010 file-stamped copy of the petition for bill of review;

(2)     An "Inmate Correspondence Reply" dated February 19, 2010 from the District Clerk of Wharton County to relator stating:

We received your Petition for Bill of Review and presented it to the Judge. He returned it with a note (He is waiting for a response from the District Attorney). I will send another copy of the Bill of Review to the District Attorney [and] will let you know if [and] when action is taken.

(3)     A February 24, 2012 file-stamped copy of relator's "Motion to Enforce Court Order, a Finding of Contempt of Court, and Sanctions."

(4)     An "Inmate Correspondence Reply" dated March 2, 2012 from the District Clerk of Wharton County to relator stating: "Received your M/Enforce Court Order, Finding of Contempt of Court [and] Sanctions. Both the Motion [and] order [were] sent to the Judge, but [were] returned unsigned and no action taken."

(5)     An "Inmate Correspondence Reply" dated July 26, 2012 from the District Clerk of Wharton County to relator stating:

Received your letter, inquiring about the status of your Bill of Review and needing file-stamped copies of all. Nothing has changed—the Judge was waiting for a response from the District Attorney which never came. I am sending copies of all to the District Attorney again. If there is any response, I will let you know.

(6)     An April 13, 2013 file-stamped copy of a "Motion to Enforce Court Order by a Finding of Contempt and Sanctions" with an attached order. The attached order is neither granted nor denied; however,

4

the signature block for the "Judge Presiding" shows a scratched out signature with the hand-written notation "No Action" followed by the hand-written initials, "RMC."

This Court requested and received a response to the petition for writ of mandamus from the State of Texas, acting by and through the District Attorney of Wharton County, Texas.[2] The State's response reads, in pertinent part:

> Based on the record presented, relator has not established that the trial court had a legal duty to rule on the motion, was asked to rule on the motion, and failed to do so. . . . The record merely indicates that relator has repeatedly filed motions with the Wharton County District Clerk and followed up with correspondence to the district clerk's [o]ffice. The relator has not corresponded or communicated directly with the court to request a ruling on his motion. The relator's repeated efforts consist only of filing motions and corresponding with the district clerk.
>
> The relator's motions also relate to action against the former District Attorney of Wharton County. The current Wharton County District Attorney first became aware of relator's motions when the Court of Appeals issued its request that the State respond to relator's petition. The State requests additional time to respond to the relator's petition in court absent the granting of extraordinary relief.
>
> Thus, the State's response is that relator has not met his burden to obtain mandamus relief. . . . The State prays that this court will find that the relator is not entitled to mandamus relief, deny relief so that the 329th District Court may take appropriate action, and to grant the State any other relief to which it may be entitled.

To obtain mandamus relief for the trial court's refusal to rule on a motion, a relator must establish: (1) the motion was properly filed and has been pending for a reasonable time; (2) the relator requested a ruling on the motion; and (3) the trial court refused to rule. *In re Sarkissian*, 243 S.W.3d 860, 861 (Tex. App.—Waco 2008, orig. proceeding); *In re Hearn*, 137 S.W.3d 681, 685 (Tex. App.—San Antonio 2004, orig.

---

[2] On August 13, 2013, relator filed a "Motion to Grant Petition for Writ of Mandamus" contending that the State did not timely file its response to the petition. The State requested and received two extensions of time to file its response to the petition for writ of mandamus and filed its response within the deadline set by this Court. Nevertheless, given our disposition of this proceeding, we dismiss relator's motion as moot.

proceeding); *In re Keeter*, 134 S.W.3d 250, 252 (Tex. App.—Waco 2003, orig. proceeding). The relator must show that the trial court received, was aware of, and was asked to rule on the motion. *In re Blakeney*, 254 S.W.3d at 661; *In re Villarreal*, 96 S.W.3d 708, 710 (Tex. App.—Amarillo 2003, orig. proceeding).

In the instant case, relator has furnished an appendix sufficient to support his claim for relief insofar as relator has demonstrated that his pleadings were presented to the respondent and the respondent expressly refused to rule on them. *See In re Dimas*, 88 S.W.3d 349, 351 (Tex. App.—San Antonio 2002, orig. proceeding); *In re Chavez*, 62 S.W.3d 225, 228 (Tex. App.—Amarillo 2001, orig. proceeding). Based on this record, there can be no dispute that the pleadings were properly filed and that the matters were brought to the trial court's attention. Therefore, the only remaining issue before us is whether the pleadings have been pending for an unreasonable amount of time. In examining this issue, we note that the trial court has broad discretion in managing its docket, but that discretion is not unlimited. *See In re Allied Chem. Corp.*, 227 S.W.3d 652, 654 (Tex. 2007) (orig. proceeding); *Clanton v. Clark*, 639 S.W.2d 929, 931 (Tex. 1982).

The trial court has a reasonable time within which to perform its ministerial duty. *See In re Blakeney*, 254 S.W.3d at 661. Whether a reasonable time for the trial court to act has lapsed is dependent upon the circumstances of each case. *See id.* at 662; *In re Chavez*, 62 S.W.3d at 228. The test for determining what time period is reasonable is not subject to exact formulation, and no "bright line" separates a reasonable time period from an unreasonable one. *In re Blakeney,* 254 S.W.3d at 661; *In re Keeter*, 134 S.W.3d at 253; *In re Chavez*, 62 S.W.3d at 228. We examine a "myriad" of criteria

6

including the trial court's actual knowledge of the motion, its overt refusal to act, the state of the court's docket, and the existence of other judicial and administrative matters which must be addressed first. *In re Blakeney,* 254 S.W.3d at 661; *see Ex parte Bates*, 65 S.W.3d 133, 135 (Tex. App.—Amarillo 2001, orig. proceeding); *In re Chavez*, 62 S.W.3d at 228–29. Periods of eighteen months, thirteen months, and four months have been held to be too long for a trial court not to rule. *See In re Kleven*, 100 S.W.3d at 644–45 (eighteen months and four months); *In re Ramirez*, 994 S.W.2d 682, 684 (Tex. App.—San Antonio 1998, orig. proceeding) (eighteen months); *Kissam v. Williamson*, 545 S.W.2d 265 (Tex. App.—Tyler 1976, orig. proceeding) (per curiam) (fifteen months); *see also In re Armstrong*, No. 06-11-00100-CV, 2011 Tex. App. LEXIS 9080, at **1–3 (Tex. App.—Texarkana Nov. 16, 2011, orig. proceeding) (mem. op.) (thirteen months).

In this case, relator's bill of review has been pending since February 8, 2010, a period of more than three and a half years. Relator's "Motion to Enforce Court Order, a Finding of Contempt of Court, and Sanctions" has been pending since February 24, 2012, a period of approximately eighteen months. Relator's "Motion to Enforce Court Order by a Finding of Contempt and Sanctions" has been pending since April 13, 2013, a period of more than four months. Relator is entitled to have a ruling on these pleadings. *See In re Blakeney*, 254 S.W.3d at 661; *In re Chavez*, 62 S.W.3d at 228.

### III. CONCLUSION

The Court, having examined and fully considered the petition for writ of mandamus, the response thereto, and the applicable law, is of the opinion that the petition should be conditionally granted. In so holding, however, we do not reach the

7

merits of relator's pleadings or direct the trial court regarding how to rule on them. *See In re Blakeney*, 254 S.W.3d at 661; *O'Donniley v. Golden*, 860 S.W.2d 267, 269 (Tex. App.—Tyler 1993, orig. proceeding). The relief sought is, therefore, conditionally granted. The writ will issue only if the trial court fails to take appropriate action in accordance with this opinion.

JUSTICE GREGORY T. PERKES

Delivered and filed the
30th day of August, 2013.